A temporary mandatory injunction ought not to be awarded where it will grant as full relief as plaintiff could obtain if fully successful on the trial.

Appeal from special term, Westchester county.

Action by Louisa Beck, individually and as executrix and trustee of William D. Beck, deceased, against the New York & Stamford Railway Company.   From an order granting a temporary injunction, defendant appeals.   Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Frederick W. Sherman, for appellant.

Justus A. B. Cowles (Charles P. Cowles, on the brief), for respondent.

PER CURIAM.   The order appealed from is of a twofold character.   In the first place, it directs the defendant to remove certain rails, ties, cross-ties, poles, and wires from the real property of the plaintiff, and forthwith to restore the surface of said real property to the condition in which it was before the defendant entered thereon. In the second place, it restrains the defendant, pending the trial of the action, from using or in any manner operating the second or additional track which it has laid upon Beck avenue in the town of Rye.   So far as the latter, or strictly injunctive, portion of the order is concerned, we think it should be affirmed, inasmuch as we are inclined to think that the franchise and consent obtained by the defendant contemplate the construction of a single-track railroad only.   As to the first part of the order, however, which is of a purely mandatory character, we think the determination of the plaintiff's right to such relief should await the trial and the determination of the action.   It seems hardly proper at this time to grant a measure of relief, as to this branch of the case, which is as broad as the plaintiff could possibly have if she fully prevails upon the trial.

The order appealed from should be modified by striking therefrom the mandatory portion to which we have referred, and, as thus modified, it should be affirmed, without costs of this appeal to either party.

---

(75 App. Div. 135.)

## MANNIX et al. v. RIORDAN.

(Supreme Court, Appellate Division, Third Department.   July 8, 1902.)

1. DEED—DELIVERY—PRESUMPTION.

Any presumption of delivery of a deed from the recording thereof is destroyed by proof that the grantor till his death, shortly thereafter, and his wife for 40 years more, continued to live on the property, paying the taxes and a mortgage thereon, and improving and treating it as her own, without her possession being disturbed or claim being made

by the grantee, though his death was not till 36 years after the grantor's and no reason was shown for his silence.

**2. ADVERSE POSSESSION—BY GRANTOR.**
  A grantor may acquire title by adverse possession against the grantee by living on the premises, paying the taxes and a mortgage thereon, and improving and treating them as her own.

Appeal from trial term.

Action of ejectment and for damages for detention by John J. Mannix and others against Ellen Riordan. From a judgment for plaintiffs, on a trial without a jury, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

H. A. Howard (C. H. Sturges, of counsel), for appellant.

Jenkins, McArthur & Starbuck (T. W. McArthur, of counsel), for respondents.

KELLOGG, J. The evidence in this case is very brief and very unsatisfactory. Any judgment based upon it necessarily rests upon a choice of doubts. Counsel on both sides appear to have preferred to rely upon presumptions rather than upon direct proof of facts which might have resolved doubts as to the actual ownership of the premises, the subject-matter of the suit.

The action is brought to eject the defendant from a house and lot in Glens Falls. She has occupied the house as a dwelling for over 40 years. The complaint alleges that defendant, "at the commencement of this action and for some time prior thereto [is and was] in possession of said premises, claiming title thereto and unlawfully withholding the same from these plaintiffs." The plaintiffs are the heirs at law of one Michael Mannix, who died in 1898. The defendant is the widow of one James Riordan, who died in 1862 or 1863. James Riordan bought the premises and took a deed to himself in August, 1860, and was living in the house with the defendant, his wife, when he died, one or two years after he purchased; and the defendant has ever since continued to live there, has uniformly paid the taxes, and paid off a purchase-money mortgage thereon several years after her husband's death, dug a cellar and built an addition to the house, and has been always the apparent owner; and the proofs warrant the conclusion that she has always claimed to own the premises to the exclusion of all other claimants. The plaintiffs, to support their title to the house and lot, produced the record of a deed purporting to have been executed by James Riordan and defendant to Michael Mannix, June 13, 1861, and duly recorded the same day. The expressed consideration is $150, and both grantor and grantee are declared to reside at the village of Glens Falls, where the premises are situated. The original deed is not produced, and plaintiffs declared on the trial that it is not in their possession. Who had the deed recorded is not shown. The deed purports to have been executed by this defendant by making her mark. She testifies that she never executed the deed, and never heard of it until the heirs of Mannix, after his death, "explained it to her." From the proofs, it is apparent that the grantee, Mannix, never had possession of the premises in his lifetime, and never asserted any title through

this deed; never took any steps to obtain possession; never paid any taxes or exercised any acts of ownership; and, so far as appears, never claimed to own the premises or to have had any possession or knowledge of the deed except so far as the presumption goes arising from the deed being on record in the county clerk's office, which is located some 12 miles from Glens Falls. From this evidence the learned trial court interpreted the legal presumption to be that there was a delivery of the deed to Mannix, and the title vested in him at its date, in 1861, and that there was no adverse possession which would support the presumption of a grant to the defendant.

The presumption of a delivery of a deed which arises from the proof of a record, standing alone, is far from conclusive. The presumption of nondelivery must prevail where the facts appear as in the case before us. The great length of time which has elapsed since the deed was recorded, with no reason whatever given for the grantee's silence; the fact that the grantor himself died some 36 years before the grantee died, and the possession of defendant was never disturbed, and she was during all this time permitted to treat the property as though this deed was never delivered, is sufficient in itself to destroy the presumption of delivery. This property, as the proof shows, had during all this time a rental value, and the presumption is that, had the grantee had any knowledge of this deed, he would have taken possession, or have exacted rental for the use of the premises. Knolls v. Barnhart, 71 N. Y. 474.

In Sherman v. Kane, 86 N. Y. 57, and in the numerous cases cited in the opinion of the court, it was held that title by adverse possession by a grantor in a warranty deed might be created against the grantee as well as against a stranger, only the proof must be stronger. I see no reason why the defendant may not claim title here by adverse possession. Her acts of ownership were so open and pronounced, so exclusive of ownership in any one else, so patent to the grantee, for this long period, that the presumption that she held possession in subordination to any title in Mannix is destroyed. The question of delivery of the deed is a question of fact; so is the question as to ownership by adverse possession; but in this case there is no conflict in the testimony, and we think that the learned trial court was in error in resolving the presumption of delivery of the deed in favor of the plaintiffs, and also in error in determining, on the undisputed facts, that defendant's possession was not adverse to all claim of title in Mannix. The proof rather raises the presumption of a deed from Mannix to defendant at the time the deed was executed by Reardon to Mannix, and the transaction was only a mode adopted by Reardon to vest title in his wife. In 40 years, the defendant, at the age of 75, may well have forgotten details which in no way disturbed her mode of living.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur; SMITH, J., on first grounds stated in opinion.