Candace Wheeler, Plaintiff, v. Albert M. Sigourney and Martin Mager, Defendants.

(Supreme Court, Greene Trial Term, November, 1916.)*

Mortgages — foreclosure of — deeds — negotiable instruments — who is bona fide purchaser — action to remove cloud on title — pleading — power of attorney — judgments.

Plaintiff's son, pursuant to a power of attorney given by her to him, conveyed certain real estate by a deed which recited the consideration of ten dollars and other good and valuable considerations. Later, and on the same day that plaintiff's son gave his promissory note for $1,000 indorsed by the payee, the defendant herein and another, the grantee under said deed, made and delivered to defendant a mortgage upon the property which recited that the mortgagor was justly indebted to the mortgagee in the sum of $1,000, secured to be paid by the accompanying bond and evidenced by said note which he had not signed. The note was protested for non-payment, the mortgage was foreclosed and the property sold to defendant. In an action to remove a cloud upon the title of plaintiff constituted by the deed, the mortgage and sale thereunder, defendant by his answer claimed to be a *bona fide* purchaser for value, without notice, and that he was protected by the record of said deed.

*Held,* that the fact that defendant had paid a valuable consideration for the mortgage did not alone make him a *bona fide* purchaser.

That the fact that the note, which explained what the mortgage was given to secure, did not bear the signature of the mortgagor was sufficient to put the defendant upon inquiry as to the actual ownership of the property.

The fact that at the making of the mortgage, two years after the execution of the power of attorney, plaintiff remained in possession of the property and continued in such possession and occupation by herself or tenants, until the year in which the foreclosure suit was begun, constituted notice to the mortgagee

* Received too late for insertion in proper place.— [Repr.

of plaintiff's adverse claim to the title under which the mortgage was taken.

The fact that the mortgagor was surety only for the payment of the note and it not being pleaded in the foreclosure proceedings that he consented to renewals of the note which constituted an extension of the time of payment, his failure to defend the action upon such ground was evidence that the transaction between plaintiff's son and his grantee was that of a mortgage by the former, and the power to mortgage did not exist in the power of attorney pursuant to which the deed was given.

That under all the circumstances the transaction resulting in the making of the note and the taking of the mortgage upon the part of defendant failed to sustain his claim that he was a *bona fide* purchaser and that plaintiff was entitled to judgment setting aside and cancelling the deed to the property, the mortgage to defendant and the judgment of foreclosure thereon and the deed, if any, thereupon made.

ACTION to remove a cloud on title.

Magrauth and Thurber, for plaintiff.

Evan S. Webster, for defendant Mager.

HASBROUCK, J.   On the ninth day of May, 1910, and for some time prior thereto, the plaintiff had been the owner of a parcel of real property situated near Tannersville in the county of Greene in this state known as '' South Acres.''   On that day she executed a power of attorney to her son, James C. Wheeler, giving him authority to sell the same and to execute and deliver a deed of conveyance.   On the eighth day of May, 1912, James C. Wheeler in pursuance of such power deeded '' South Acres '' to one Albert Sigourney.   The deed recites a consideration of '' the sum of ten ($10) dollars; and other good and valuable considerations, dollars, lawful money of the United States.''   On August 20, 1912, James C. Wheeler signed a promissory note in terms as follows:

Supreme Court, November, 1916.          [Vol. 98.

" JAMAICA, N. Y. CITY, *August* 20*th,* 1912.

" Three months after date for value received I promise to pay to the order of Emil Schneeloch, one thousand 00/100 dollars ($1,000.00), at the First National Bank of Jamaica, New York City.

" (Signed)   JAMES C. WHEELER.

" Endorsed,

"  EMIL SCHNEELOCH,

"  MARTIN MAGER,

"  T. F. ARCHER."

On the same day, the twentieth of August, 1912, said Sigourney made, executed and delivered to Martin Mager a mortgage on " South Acres " providing among other things:

" Whereas the said Sigourney declares himself and is justly indebted to the said party of the second part in the sum of one thousand ($1,000) dollars lawful money of the United States secured to be paid by a certain bond or obligation bearing even date herewith, conditioned for the payment of the said one thousand ($1,000) dollars on the 21st day of February, 1913, and the interest thereon to be computed from date at the rate of six per centum per annum and to be paid on said 21st day of February, 1913.

" Evidenced by note of James C. Wheeler to order of Emil Schneeloch payable at the First National Bank of Jamaica, New York City, and endorsed by said Schneeloch and Mager."

The mortgage was recorded in Greene county on the 21st day of October, 1912. On the 20th day of November, 1912, the above note was protested for non-payment. The mortgage was foreclosed and the property sold on the 13th day of December, 1915, to the defendant.

This action is brought to remove the cloud upon the

title of the plaintiff constituted by the deed of Sigourney, the mortgage to Mager and the sale thereunder. The answer of the defendant is that he is a *bona fide* holder for value without notice and is protected by the record of the Sigourney deed.

It is true that the defendant Mager paid a valuable consideration for the mortgage above described. But that alone does not make him a *bona fide* purchaser. If he had notice that the deed to Sigourney had not been made for an actual consideration, or if he had notice that at the time of the execution and delivery of the mortgage the mortgagor was not in possession and that the plaintiff was in possession and occupancy under some adverse claim, he is without standing as a *bona fide* purchaser. The recital of consideration in the deed as above set forth does not constitute sufficient consideration. In the case of *Turner* v. *Howard,* 10 App. Div., 559, Cullen, J., it is said, " The recital in the deed would be strictly true if the grantee had paid, or agreed to pay in the future, another dollar in addition to the one first mentioned, or had released a dollar of indebtedness. The rule that makes the recital evidence against strangers is an exception to the general principle, and the recital should be strictly construed and not extended beyond its necessary import. Thus construed, it was not necessarily the recital of more than a nominal consideration." *Lang* v. *Mueller,* 149 App. Div., 927; *Rose* v. *Adler,* 165 id. 921.

The promissory note which explains what the mortgage was given to secure does not bear the signature of Sigourney, the mortgagor. This should have been sufficient to have put Mager on inquiry as to the actual ownership of the property. Would it have been likely that Sigourney would have mortgaged his own property and stood surety for the payment of the note the

receipt of the proceeds of which it is not claimed he participated in?  1 Jones Mort., § 355.

. At the time of the making of the mortgage which was two years after the execution of the power of attorney the plaintiff remained in the possession of the property and continued in such possession and occupation by herself or tenants until the year in which the foreclosure suit was instituted.  Such fact constituted notice to the mortgagee of the adverse claim of the plaintiff to the title under which the mortgage was taken.  *Mannix* v. *Riordan,* 75 App. Div., 137; *Sherman* v. *Kane,* 86 N. Y. 57; Webb on Record of Title, § 231 *New York Life Insurance & Trust Co.* v. *Cutler,* 3 Sandf. Ch. 196.

The general rule which should govern the conduct of purchasers has been laid down by the court of last resort in the nation, quoting *Burell's Admrs.* v. *Fauber,* 21 Gratt. 446, 463: " Purchasers are bound to use a due degree of caution in making their purchases, or they will not be entitled to protection.  *Caveat emptor* is one of the best settled maxims of the law, and applies exclusively to a purchaser.  He must take care, and make due inquiries, or he may not be a *bona fide* purchaser.  He is bound, not only by actual but also by constructive notice, which is the same in its effect as actual notice.  He must look to the title papers under which he buys and is charged with notice of all the facts appearing upon their face, or to the knowledge of which anything there appearing will conduct him. He has no right to shut his eyes or his ears to the inlet of information, and then say he is a *bona fide* purchaser without notice." *Simmons Creek Coal Co.* v. *Doran,* 142 U. S. 437.

There is the further fact which appears in the papers that the mortgagor, Sigourney, was surety only for the payment of the note dated August 20, 1912, and that

that note was renewed until sometime in the year 1914. It is not alleged in the foreclosure proceedings that Signourney consented to the renewals of the note which constituted an extension of time for payment. The failure of Sigourney to defend the foreclosure action upon such ground constitutes evidence that the transaction between James C. Wheeler and Sigourney was that of a mortgage by Wheeler and power to mortgage did not exist in the power of attorney which he held.

" The power (to sell) is not to be extended by construction. The principal determines for himself what authority he will confer upon his agent, and there can be no implication from his authorizing a sale of his lands that he intends that his agent may at discretion charge him with the responsibilities and duties of a mortgagor." *Jeffrey* v. *Hursh,* 49 Mich. 32.

We think that the transaction resulting in the making of the note and the taking of the mortgage upon the part of Mager fails to substantiate his claim under all the circumstances to be a *bona fide* purchaser.

There should be judgment for the plaintiff setting aside and canceling the deed to Sigourney, the mortgage to Mager and the judgment of foreclosure thereon and the deed, if any, thereupon made.

Judgment accordingly.