■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DIAZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered December 6, 1977, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. At the trial, defendant offered the testimony of a psychologist on the issue of whether he was suffering from an extreme emotional disturbance at the time he killed his paramour of 20 years, in an attempt to reduce the crime to manslaughter in the first degree under section 125.25 (subd 1, par [a]) and subdivision 2 of section 125.20 of the Penal Law. The qualifications of the psychologist were such that he possessed only a Bachelor of Arts degree in psychology, albeit his experience over some 27 years was extensive in the area of administration of diagnostic tests. The trial court permitted the witness to testify extensively on the subject of administration and interpretation of psychological tests, but refused to allow him to testify as to his opinion, characterization or interpretation of the tests as they applied to this defendant's mental condition. The trial court's ruling constituted a proper exercise of judicial discretion. It has always been within the ambit of the Trial Judge's reasonable discretion to determine the qualifications of an expert whose testimony is offered on behalf of a litigant *(Meiselman v Crown Hgts. Hosp.,* 285 NY 389). So long as there are any facts to support the trial court's ruling, that ruling is not open to review in this tribunal *(Matter of Masocco v Schaaf,* 234 App Div 181, 183-184; *Finn v*

*Cassidy,* 165 NY 584, 594). An examination of case law from various jurisdictions (see Ann., 78 ALR2d 919 *et seq.)* indicates that the best rule in cases dealing with the testimony of a psychologist is to leave the question of his qualifications to the trial court's discretion. As Chief Justice Traynor of the California Supreme Court wrote *(People v Davis,* 62 Cal 2d 791, 801): "Whether a psychologist qualifies as an expert * * * in a particular case depends on the facts of that case, the questions propounded to the witness, and his peculiar qualifications." In the case at bar, the Trial Judge correctly applied this rule, having found the witness to be an expert on the subject of psychodiagnostic testing, but to be deficient in the areas which are required to give reliable opinions concerning the results of these tests in relation to the defendant's performance. There is nothing in the record which indicates any error of law or abuse of discretion. Lastly, we find nothing improper or prejudicial regarding the court's charge to the jury. The psychologist was permitted to testify as an expert witness to a limited degree. The charge to the jury was proper insofar as it discussed the uses and value of expert testimony. Furthermore, we note that no exception to the charge was taken. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.