OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The trial court’s refusal to permit defendant to offer certain testimony of a psychologist concerning defendant’s mental condition was a matter within the court’s discretion (see Meiselman v Crown Hgts. Hosp., 285 NY 389, 398-399). Under the circumstances of this case, we cannot say that the court abused that discretion. The witness testified that he possessed a bachelor of arts degree in psychology and that he had some 27 years experience in the area of psychological testing. The trial court found him qualified to testify concerning the tests he administered to defendant, the results of those tests, and his opinion as to whether defendant was suffering from an extreme emotional disturbance at the time he was tested. It was not error, however, for the trial court to refuse to permit testimony regarding the interpretation of the tests as they applied to this defendant’s mental condition, since the witness’ expertise in interpretations of this nature had not been satisfactorily established. This is not to say that only a psychiatrist *843 may testify in this regard. Rather, we merely hold that, under the circumstances present in this case, the Trial Judge did not abuse his discretion by refusing to permit the challenged testimony. Absent a finding by this court that the Trial Judge erred as a matter of law, a finding which we may not make in this case, there should be an affirmance.