ELEFTHERIOS DOUKAS, Appellant, v AMERICA ON WHEELS, LEVITTOWN, NEW YORK, INC., Respondent

The plaintiff alleges that he sustained a dislocated shoulder and consequential nerve damage when he fell at the defendant's roller skating rink. At the time of the fall, the plaintiff was taking a lesson, for which he had paid the defendant an additional fee. According to the plaintiff, when he began to lose his balance, he reached out for the railing, pursuant to his teacher's instructions. He heard a "big crack" and then fell to the floor. The plaintiff's expert, who has a PhD in physical education and teaches roller skating to novice skaters, testified that beginners should never be given instructions in close proximity to the railing, nor should they be told to grab the railing because injuries are more likely to result from contact with the railing than would result in a free fall. The expert was not permitted to testify as to whether the act of reaching for the rail caused plaintiff's injury.

After the jury found in favor of the plaintiff on the issue of liability, the court set aside the verdict and granted the defendant's motion to dismiss the complaint for failure to make out a prima facie case. We reverse.

"To set aside a verdict on grounds of insufficiency, the reviewer must find 'that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial' " (O'Boyle v Avis Rent-A-Car Sys., 78 AD2d 431, 438-439, quoting from Cohen v Hallmark Cards, 45 NY2d 493, 499). Moreover, the evidence must be viewed from the perspective most favorable to the plaintiff, and all inferences resolved in his favor (see, Negri v Stop & Shop, 65 NY2d 625; O'Neil v Port Auth., 111 AD2d 375).

Here, a jury could reasonably infer that the defendant's instruction was negligent. Consequently, the trial court erred when it dismissed the plaintiff's complaint. However, because the court failed to charge the jury that it also had to find that the negligence was a proximate cause of the plaintiff's injury, we cannot reinstate the verdict in his favor (cf. Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 520; Galioto v Lakeside Hosp., 123 AD2d 421), and there must be a new trial.

Finally, we reject the plaintiff's contention that the trial court erred when it determined that the plaintiff's expert lacked the requisite medical expertise to testify as to his opinion of the cause of plaintiff's injuries. Questions concerning the qualifications of an expert witness are within the ambit of the trial court's discretion (see, Tarlowe v Metropoli-

*tan Ski Slopes,* 28 NY2d 410; *People v Diaz,* 70 AD2d 885, *affd* 51 NY2d 841), and in this case the court did not exercise its discretion in an unreasonable manner. Mollen, P. J., Brown, Niehoff and Kooper, JJ., concur.