■ BRYAN FRANCK, an Infant, by His Father and Natural Guardian, KARLTON C. FRANCK, et al., Appellants, v MINISINK VALLEY SCHOOL DISTRICT, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Hickman, J.), entered July 31, 1986, as, upon a jury verdict, was in favor of the defendant.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

On June 21, 1982, Bryan Franck, then 11 years old, was enrolled in a fifth grade class. His teacher, Gregory DiNunzio, took the class of approximately 20 children outside to a playing field for what he referred to as a recess. Most of the class joined DiNunzio in a softball game, but DiNunzio gave four students permission to do cartwheels and handsprings in a grassy area behind the catcher. The students had learned cartwheels and handsprings in their gym class. DiNunzio permitted Bryan to join the cartwheel group. DiNunzio pitched in the softball game and looked over at the cartwheel group after every few pitches. Bryan watched the cartwheeling but did not do cartwheels himself. Once or twice the cartwheelers asked him to move, but he did not. As he talked to two of the group, a third student, doing a cartwheel behind Bryan, kicked him in the head. That child was wearing wooden clogs at the time and Bryan allegedly suffered a head and brain injury as a result thereof.

At a bifurcated trial on the issue of liability, the plaintiffs called the physical education teacher who had taught the students cartwheels in gym class earlier in the school year. The plaintiffs sought to have her testify as an expert that cartwheeling was a dangerous activity which required a certain level of supervision. The trial court excluded her testimony on the basis of relevancy. The court distinguished formal instruction in cartwheeling from supervision of cartwheeling as an outdoor activity during recess. However, the court agreed that a properly qualified expert would be permitted to testify as to whether it was an accepted practice to allow fifth graders to do cartwheels on the grass during recess.

Thereafter, the plaintiffs called another physical education teacher who had taught physical education, coached, and supervised playground activities for 27 years. He held a doc-

torate in administration and supervision of physical education and had published more than 50 articles on safety including safety in gymnastics. The trial court sustained the defendant's objection to inquiry into accepted practices in the teaching profession in supervising children doing cartwheels, reasoning that the expert should not be allowed to state his opinion on the "ultimate issue" in the case. The court excluded expert testimony on numerous questions including the supervisory practices of teachers under the facts in evidence. Ultimately, the court ruled that no expert testimony was admissible because such testimony would be a substitute for the jury's determination on the issues and that knowledge of cartwheeling was within the ken of the jurors.

Whether expert testimony is admissible on a particular point is a mixed question of law and fact addressed primarily to the discretion of the trial court; as a general rule an expert should be permitted to offer facts and an opinion on an issue calling for "professional or technical" knowledge possessed by the expert and beyond the ken of the typical juror (De Long v County of Erie, 60 NY2d 296, 307; Selkowitz v County of Nassau, 45 NY2d 97, 102; Dougherty v Milliken, 163 NY 527; see, e.g., Rodriguez v Board of Educ., 104 AD2d 978; Dier v City of New York, 79 AD2d 596).

At bar, the trial court erred as a matter of law in excluding all expert testimony because it did not properly apply the test for expert testimony. The trial court excluded expert testimony on the ground that the testimony went to the ultimate question in the case and would usurp the jury's function. Therefore, "[t]he court failed to exercise its discretion because it erroneously perceived that it had no discretion to exercise" (People v Cronin, 60 NY2d 430, 433). In applying the proper standard, familiarity of the jury with cartwheeling should not preclude expert testimony where the jury would not be familiar with accepted professional procedures for supervising cartwheeling (see, Selkowitz v County of Nassau, supra, at 102; Rodriguez v Board of Educ., supra). Although jurors may be familiar with cartwheeling, acceptable practices of teacher supervision of cartwheeling during an outdoor recess period cannot be said as a matter of law to be within the ken of the typical juror. For example, in Rodriguez v Board of Educ. (supra, at 979), we held that it was proper for an expert to testify as to the proper procedure for supervising "free style running" (see also, Darrow v West Genesee Cent. School Dist., 41 AD2d 897). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.