■ ELEFTHERIOS DOUKAS, Appellant, v AMERICA ON WHEELS, LEVITTOWN, NEW YORK, INC., Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered January 6, 1988, which, upon a jury verdict, is in favor of the defendant.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

This is the second time this case has been tried and the second time it has been before this court (see, *Doukas v America on Wheels,* 124 AD2d 778). As he did in the first trial, the plaintiff alleged that he sustained a dislocated shoulder and consequential nerve damage when he fell while on the defendant's roller skating rink. At the time of his fall, the plaintiff was taking a lesson for which he paid the defendant's agent an additional fee. According to the plaintiff, when he felt himself starting to fall, he grabbed onto a railing in accordance with his teacher's instructions. He heard a "big crack" and fell to the floor. Dr. Neil Dougherty, who testified as an expert for the plaintiff (as he did in the first trial), stated that it was unsafe to instruct a skater to grab a railing in this manner, since it increased the possibility of injury. Dougherty also stated that he would instruct first-time skaters to stay away from railings, since an attempt by a falling skater to grab a railing for support could be an independent cause of injury.

Dougherty holds a doctorate in physical education and has instructed novice roller skaters on the college level for four years. Initially, the Supreme Court permitted him to testify as an expert in the field of physical education, noting that his experience as an instructor qualified him as an expert. On the next day of trial, however, the court reversed itself and ordered that the testimony of the expert be stricken. As a basis for this ruling, the court cited Dougherty's lack of expertise in the design or engineering of skating rinks. The jury subsequently returned a verdict for the defendant.

The plaintiff's contention that the question of his expert's qualification was determined in the prior appeal of this matter is without merit. In the prior appeal, we determined that the trial court erred when, after a jury verdict in the plaintiff's favor, it dismissed the plaintiff's complaint for his failure to make out a prima facie case. We were, however, unable to reinstate the verdict because of the court's failure to charge the jury as to proximate cause (see, *Doukas v America on Wheels,* 124 AD2d 778, *supra).* The qualification of the plaintiff's expert with regard to instruction in roller skating was neither raised nor considered on that appeal.

The plaintiff further argues, on the merits, that his expert was duly qualified and that he was entitled to have the jury consider the expert's testimony. "The prevailing rule is that the question of the qualification of a witness to testify as an expert is for determination, in [its] reasonable discretion, by the trial court, which discretion, when exercised, is not open

to review unless in deciding the question the trial court has made a serious mistake or committed an error of law or has abused [its] discretion" *(Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 398-399). Here, the Supreme Court abused its discretion when it struck the testimony of the plaintiff's expert and accordingly, we reverse.

In this regard we note that the court was mistaken as to the theory of the plaintiff's case. Improper design of the skating rink was not at issue herein. Rather, the plaintiff sought to prove that the defendant provided him with inadequate and unsafe instruction. Dougherty's experience teaching novice skaters qualified him as an expert with respect to this issue and the jury was entitled to hear his testimony *(see, Karasik v Bird,* 98 AD2d 359, 363). We observe in this regard that the instruction of novice roller skaters is not within the ken of the typical juror and hence relevant expert testimony was admissible on this subject *(see, Franck v Minisink Val. School Dist.,* 136 AD2d 588; *Ceravole v Giglio,* 152 AD2d 648). Mollen, P. J., Spatt and Sullivan, JJ., concur.

Rosenblatt, J., concurs with the following memorandum: I concur to reverse on constraint of this court's decision in *Doukas v America on Wheels* (124 AD2d 778).