■ MICHAEL W. MUFF, Respondent, v LALLAVE TRANSPORTATION, INC., et al., Appellants. [771 NYS2d 235]—

Peters, J. Appeal from a judgment of the Supreme Court (Lomanto, J.H.O.), entered February 18, 2003 in Saratoga County, upon a verdict rendered in favor of plaintiff.

Plaintiff was operating his motorcycle in the southbound, right-hand lane of an interstate highway when a southbound bus, owned by defendant Lallave Transportation, Inc. and driven by defendant Claudia J. Sessions, negligently merged into his lane from the shoulder, causing him to collide with the rear of her vehicle. At the first scheduled trial, plaintiff success-

---

fully moved to preclude defendants' expert witness, C. Bruce Gambardella, from testifying due to defendants' failure to comply with an earlier discovery order. Supreme Court also granted plaintiff's motion to preclude the testimony of Robert Heineman, a witness to plaintiff's allegedly excessive speed, by finding that Heineman was unable to conclusively identify either plaintiff or his motorcycle and that his observations were too remote from the site of the accident. Prior to selecting the jury, Supreme Court declared a mistrial and granted plaintiff leave to amend his bill of particulars to include undisclosed claims for unpaid medical expenses approximating $60,000.

Defendants moved by order to show cause to renew and reargue the mistrial, the amendment and the preclusion order. Recognizing that the mistrial would give plaintiff additional time to prepare for defendants' expert liability witness, Supreme Court, inter alia, lifted the preclusion of Gambardella's testimony. Following a trial, plaintiff was awarded $879,968.46, which included $500,000 for past pain and suffering and $300,000 for future pain and suffering. Defendants made an unsuccessful motion to set aside the verdict and this appeal ensued.

Defendants failed to demonstrate that the jury could not have reached this verdict on any fair interpretation of the evidence (see *Lolik v Big V Supermarkets,* 86 NY2d 744, 745-746 [1995]; *Lockhart v Adirondack Tr. Lines,* 305 AD2d 766, 767 [2003]; *Noviczski v Homeyer,* 238 AD2d 860, 861 [1997]). Viewing the evidence in a light most favorable to the plaintiff, we find support for the conclusion that Sessions' negligent entry onto the highway was the sole substantial factor which caused the accident (see *Ruso v Osowiecky,* 256 AD2d 839, 840-841 [1998]); the jury's findings that plaintiff was negligent, but that his negligence was not a proximate cause of his injuries, were not "irreconcilably inconsistent" (*id.* at 841).

Nor do we find the issues of negligence and proximate cause to be " 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Schaefer v Guddemi,* 182 AD2d 808, 809 [1992], quoting *Rubin v Pecoraro,* 141 AD2d 525, 527 [1988]; *accord Skibinski v Salvation Army,* 307 AD2d 427, 427 [2003]). When Sessions attempted to reenter the right-hand lane of travel, she turned off her hazard lights and activated the left turn signal. Despite Sessions' cognizance that the flow of traffic was moving at 75 miles per hour and that she was entering at only 30 to 35 miles per hour, plaintiff and other witnesses testified that there were no warnings or signals to advise southbound drivers that the bus was

moving so slowly. One witness testified that the bus appeared to be stationary while moving on the shoulder while others characterized it as moving at an excessively slow speed with a sudden turn into the right-hand lane. Even if plaintiff were traveling above the speed limit, his expert and an eyewitness confirmed plaintiff's testimony that he was operating his motorcycle in a safe manner. According deference to the jury's credibility determinations and its resolution of conflicting testimony (*see Hansel v Lamb,* 257 AD2d 795, 796-797 [1999]), we find no basis to disturb the jury's verdict.

Nor do we find an abuse of discretion in the preclusion of Heineman's testimony (*see Bashaw v Bouvia,* 14 AD2d 640, 641 [1961]), especially when defendants proffered another witness claiming to have observed plaintiff negligently operating his motorcycle within two miles of the accident site. With no prejudice shown in either the preclusion order or plaintiff's amendment to his bill of particulars, even with exposure to greater liability (*see Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23 [1981]), we next review the award rendered.

Considerable deference must be accorded to the jury's interpretation of the evidence—a determination which will remain undisturbed unless, upon our review of damages, the amounts "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Ordway v Columbia County Agric. Socy.,* 273 AD2d 635, 636 [2000]). Here, plaintiff's injuries included, inter alia, a crushed pinky finger, multiple lacerations, permanent scarring, a broken right shoulder, a fractured right wrist and a pulverized left wrist. Plaintiff endured several surgeries to his left wrist, including the insertion of temporary pins into his forearm and the eventual fusing of the wrist with bone grafts taken from his pelvis. Aside from six surgeries overall, plaintiff needed full-time care for two to three months after the accident and underwent more than 100 physical therapy sessions. While plaintiff's right shoulder is currently symptom free, testimony established that he is likely to develop arthritis as a result. For all of these reasons, the amounts awarded were appropriate (*compare Acunto v Conklin,* 285 AD2d 712, 714 [2001]; *Van Deusen v Norton Co.,* 204 AD2d 867, 870-871 [1994]).

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.