■ CITY OF BINGHAMTON, Appellant-Respondent, v NICHOLAS G. SERAFINI, JR. et al., Respondents-Appellants. [778 NYS2d 547]—

Mugglin, J. Cross appeals from an order of the Supreme Court (Rumsey, J.), entered June 3, 2000 in Broome County, which, inter alia, denied plaintiff's motion to set aside the verdict.

In 1992, defendants, acting on behalf of their corporate and partnership entities, negotiated a long-term loan with plaintiff's then director of economic development to facilitate the development and operation of the Hotel De Ville in the City of Binghamton, Broome County. On June 1, 1992, the Binghamton City Council adopted ordinance No. 92-44 authorizing the mayor to apply to the Department of Housing and Urban Development for financing, the ordinance further specifying the essential terms of the loan, including a requirement that defendants obtain a letter of credit in an amount equal to one year's interest and principal. The loan was scheduled to close on April 14, 1992. Although the loan documents sent to defendants' counsel shortly before the closing revealed for the first time a requirement that defendants execute personal guarantees, defendants did not become aware of this until closing, at which time they objected to the personal guarantees, contending that they were not part of the agreed loan terms. Plaintiff's new director of economic development advised defendants that the ordinance had been amended by the City Council to require personal guarantees and that unless defendants executed the guarantees, the loan would not be made. The next day, after unsuccessfully attempting to obtain other financing, defendants executed the

closing documents, including the personal guarantees. The loan was soon in default and plaintiff foreclosed the mortgage, sold the hotel property and instituted this action against defendants on their personal guarantees seeking the unpaid loan balance.

The jury rendered a special verdict which found, among other things, that the parties had been operating under a mutual mistake of fact regarding the requirement of personal guarantees. Plaintiff moved to, among other things, set aside this portion of the jury verdict and defendants cross-moved for the entry of a general verdict in their favor dismissing the complaint. Based upon the jury verdict, Supreme Court reformed the agreement of the parties and entered judgment in favor of plaintiff and against defendants for $120,000, the stipulated amount that would have been due on the letter of credit, plus interest, from February 1995. Both parties appeal.

On its appeal, plaintiff argues at length that the jury verdict should be set aside and a new trial ordered because of errors in the interrogatories submitted to the jury, errors in Supreme Court's charge and because the interrogatories are internally inconsistent. None of these issues has been preserved for appellate review. With respect to the interrogatories, plaintiff failed to object to the verdict sheet at trial (*see* CPLR 4110-b, 5501 [a] [3]; *Sluzar v Nationwide Mut. Ins. Co.*, 223 AD2d 785, 786 [1996]). Similarly, plaintiff failed to preserve for appellate review, by an appropriate objection, its current arguments concerning erroneous jury charges (*see Pyptiuk v Kramer*, 295 AD2d 768, 771 [2002]). Also, plaintiff's failure to object to the alleged inconsistencies in the verdict before the jury was discharged renders this issue unpreserved (*see Caprara v Chrysler Corp.*, 71 AD2d 515, 523-524 [1979], *affd* 52 NY2d 114 [1981]; *see also Venancio v Clifton Wholesale Florist*, 1 AD3d 505, 505 [2003]).

In any event, our independent review leads to the conclusion that there is no merit to plaintiff's inconsistency arguments. Plaintiff argues that the jury verdict awarding it damages based on defendants' guarantees is inconsistent with the jury's finding that there was no consideration given for the guarantees and that defendants signed the guarantees under economic duress. However, the jury also found that defendants did not promptly repudiate the guarantees, eliminating these seemingly inconsistent findings. Plaintiff's argument that it is inconsistent for the jury to award damages based on the guarantee while finding the guarantee to be the product of a mutual mistake is rendered academic by Supreme Court's equitable reformation of the contract between the parties, as is plaintiff's

claim that the amount awarded represents a compromise verdict. Given the existence of mutual mistake, the parties were entitled to reformation to reflect their true expectations (see *Cheperuk v Liberty Mut. Fire Ins. Co.*, 263 AD2d 748, 749 [1999]). We have examined the remainder of plaintiff's arguments and find them equally without merit.

Defendants raise two points on appeal. First, they contend that Supreme Court was without authority to reform the agreement without a specific request for that relief from plaintiff. Plaintiff's complaint contained the usual prayer for such other and further relief as the court deems proper, which furnishes the court with an adequate basis for reformation (see *Surlak v Surlak*, 95 AD2d 371, 392 [1983], *appeal dismissed* 61 NY2d 906 [1984]; *compare Northside Studios v Treccagnoli*, 262 AD2d 469, 469 [1999]). Defendants' other argument is that plaintiff is not entitled to recover prejudgment interest since plaintiff did not recover on a breach of contract cause of action. A mutual mistake of fact renders a contract voidable, not void. The reformed contract was breached by defendants' failure to pay pursuant to the letter of credit that it was to have furnished and, thus, plaintiff is entitled to prejudgment interest (see *French v Quinn*, 243 AD2d 792, 794 [1997], *lv dismissed* 91 NY2d 1002 [1998]). Moreover, since the purpose of prejudgment interest is to make an aggrieved party whole (see *Spodek v Park Prop. Dev. Assoc.*, 96 NY2d 577, 581 [2001]), Supreme Court properly allowed plaintiff to recover prejudgment interest at the statutory rate of 9%. However, such interest should have accrued from February 1, 1995, the date of default on the loan (see CPLR 5004; *Auer v State of New York*, 283 AD2d 122, 124-125 [2001]).

Cardona, P.J., Crew III and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by awarding interest from February 1, 1995, and, as so modified, affirmed.