■ Alice Hudson, Individually and as Parent of Guardian of Gregg Arnold, an Infant, Respondent, v Lansingburgh Central School District, Appellant. [812 NYS2d 678]—

Peters, J. Appeals (1) from a judgment of the Supreme Court (Hummel, J.), entered November 19, 2004 in Rensselaer County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered March 28, 2005 in Rensselaer County, which denied defendant's motion to set aside the verdict.

Gregg Arnold was an eighth grade student in one of defendant's middle schools. While in his technology class, he cut off a portion of his middle finger on his nondominant hand while operating a jointer-planer. The injury required an amputation of that finger at the proximal interphalangeal joint. Plaintiff, Arnold's mother, commenced this negligence action alleging, among other things, that defendant failed to adequately supervise and instruct Arnold regarding use of the jointer-planer. After trial, a jury found defendant 65% liable on a damage award of $90,000 for past pain and suffering and $150,000 for future pain and suffering. Defendant moved, pursuant to CPLR 4404 (a), to set aside the verdict and grant either a directed verdict or a new trial. Alternatively, it sought a reduction in the damage award. Supreme Court denied the motion and defendant appeals.

Defendant contends that plaintiff failed to establish a prima facie case because her expert was not qualified to render an opinion regarding the applicable standard of care in a middle school setting for supervising the use of a jointer-planer. Moreover, it alleged that plaintiff failed to establish that defendant breached an applicable standard of care. We disagree. "Expert testimony is properly admitted 'when it would help to clarify an issue calling for professional or technical knowledge . . . beyond the ken of the typical juror' " (*People v Santi*, 3 NY3d 234, 246 [2004], quoting *De Long v County of Erie*, 60 NY2d 296, 307 [1983]). The admissibility and scope of such testimony is addressed to the trial court's sound discretion and will not be

disturbed on appeal absent an abuse of that discretion or an error of law (*see Mariano v Schuylerville Cent. School Dist.*, 309 AD2d 1116, 1117 [2003]; *Goverski v Miller*, 282 AD2d 789, 790 [2001]). Although plaintiff's expert, Eugene Camerota, did not have experience teaching a middle school technology class, he is a licensed engineer with a Master's degree in mechanical engineering. Camerota teaches engineering technology in a college setting, which includes instruction in the manufacturing process as well as machine design and safety. He is fully familiar with jointer-planers, is versed in the applicable safety rules and was familiar with the manufacturer's recommendations regarding the use of this machine. For these reasons, Supreme Court properly exercised its discretion to permit Camerota's testimony regarding the standard of care necessary to safely supervise middle school students in the use of this machine (*see Brushton-Moira Cent. School Dist. v Alliance Wall Corp.*, 195 AD2d 801, 802 [1993]; *Franck v Minisink Val. School Dist.*, 136 AD2d 588, 589 [1988]). With no basis upon which to conclude that the level of care required in a middle school setting would be less than that required in a college or professional setting, Camerota's testimony, together with the other evidence offered by plaintiff, established a prima facie case of negligence.

Nor do we find merit in defendant's assertions that the theory of liability adopted at trial was not set forth in the bill of particulars, that the board length assumed by plaintiff's expert was not supported by the evidence, that the admission of a replica of the board constituted reversible error and that the proof was insufficient to establish negligence. The manufacturer's safety warnings and the school textbook specified that it was unsafe to use boards less than 12 inches in length on this machine. The bill of particulars adequately apprised defendant of plaintiff's theory of liability and plaintiff's expert disclosure fully detailed that the length of the board would be one of the factors supporting its claim. In addition, the record reveals that the length of the board was a relevant issue throughout discovery and Arnold testified at his deposition that the board was less than 12 inches (*see Acunto v Conklin*, 260 AD2d 787, 788-789 [1999]). While, indeed, the length of the board varied with each witness (with estimates ranging from six inches to two feet), it was not improper for plaintiff's expert to premise his opinion upon plaintiff's testimony. Thus, Supreme Court properly exercised its discretion in permitting the use of the replicated board based upon the authenticating testimony of Arnold (*see People v Estrada*, 109 AD2d 977, 978-979 [1985]) and left to the jury the assessment of the conflicting proof about the extent of safety instructions afforded to Arnold (*see Castracane v Campbell*, 300 AD2d 704, 706 [2002]).

There is also no merit to the contention that the verdict was against the weight of the evidence. "In determining whether the original trier of fact incorrectly assessed the evidence, great deference is given to a jury's interpretation of the evidence [and] [f]indings of fact that have sufficient support in the credible evidence will not be disturbed even if there is evidence leading to a contrary conclusion" (*Halvorsen v Ford Motor Co.*, 132 AD2d 57, 60 [1987], *lv denied* 71 NY2d 805 [1988] [citations omitted]). To set aside a verdict as against the weight of the evidence, it must be demonstrated that "the evidence so preponderated in favor of the [moving party] that it could not have been reached on any fair interpretation of the evidence" (*Jaquay v Avery*, 244 AD2d 730, 731 [1997]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Muff v Lallave Transp.*, 3 AD3d 693, 694 [2004]; *Fisher v Jackstadt*, 291 AD2d 689, 691 [2002]). Acknowledging the conflicting evidence on virtually all key issues, we discern no basis to disregard the jury's assessment of the evidence.

We also find no error in the admission of the jointer-planer into evidence, since this was the actual machine involved in the accident. Defendant did not offer any evidence to establish that its probative value was outweighed by undue prejudice or that it would mislead the jury in any manner (*see State of New York v Exxon Corp.*, 7 AD3d 926, 928 [2004]). Contrary to defendant's argument, Supreme Court adequately instructed the jury not to place wood on the machine, utilize it to perform their own tests or recreate the accident; defendant never objected to this charge or sought an additional charge. For this reason, its challenge to the sufficiency of the charge was not preserved for review (*see City of Binghamton v Serafini*, 8 AD3d 835, 837 [2004]). Had it been properly preserved, we would have found no error. Finally, we find no merit to the assertion that a juror made improper use of the machine since such contention was not supported by "affidavits from a juror or anyone else who might have had actual knowledge of the facts" (*Putchlawski v Diaz*, 192 AD2d 444, 445 [1993], *lv denied* 82 NY2d 654 [1993]; *see Matter of Buchanan*, 245 AD2d 642, 646 [1997], *appeal dismissed* 91 NY2d 957 [1998]).

As to the damage award, it is by now axiomatic that "[t]he inherently factual finding of damages for pain and suffering is generally 'left to a jury's common sense and judgment in light of its common knowledge and experience and with due regard to the evidence presented at trial, including the demeanor and testimony of all witnesses' " (*Apuzzo v Ferguson*, 20 AD3d 647, 648 [2005], quoting *Murphy v Lewry*, 235 AD2d 968, 969 [1997]

[citation omitted]). Our consideration of cases with similar injuries (*compare Bradshaw v 845 U.N. Ltd. Partnership*, 2 AD3d 191 [2003], *with Fields v City Univ. of N.Y.*, 216 AD2d 87 [1995]), together with a review of the evidence—including medical testimony as well as Arnold's statements regarding the injury and its impact on his life—do not persuade us that the jury's verdict "deviates materially from . . . reasonable compensation" (CPLR 5501 [c]; *see Muff v Lallave Transp., supra* at 695).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment and order are affirmed, with costs.