■ PENN HEIGHTS BEACH CLUB, INC., Appellant-Respondent, v NANCY MYERS, Respondent-Appellant and RICHARD H. BERGER, Respondent. [839 NYS2d 570]—

Cardona, P.J. Cross appeals from an order of the Supreme Court (Ferradino, J.), entered May 25, 2006 in Saratoga County, which, inter alia, denied plaintiff's motion for summary judgment.

In 1955, Roger Zanella filed a subdivision map that partitioned a large tract of land he owned in the Town of Edinburg, Saratoga County into 47 individual lots. The map also set forth certain internal roadways giving the lot owners access to Route 4 and the shore of the Sacandaga Reservoir. Thereafter, while Zanella retained title to the internal roadways, he sold the individual lots with deeds granting the new owners easements in common with the other grantees over the internal roadways. By deed recorded July 12, 1965, Zanella conveyed to Edward Ashcroft and Joan Ashcroft title to all of the internal roadways except one referred to as the "Access Road." Subsequently, in a deed recorded on September 23, 1966, Zanella conveyed certain property, including the Access Road, to Harry Schuh and Dorothy Schuh.

Nevertheless, the record indicates that, despite the fact that the Ashcrofts' 1965 deed did not include the Access Road, they believed that they also owned that road, along with the other internal roads, due to, among other things, certain inaccurate or confusing information in their tax assessment. After the Ashcrofts' property became tax delinquent in 1985, plaintiff, a corporation whose members consisted of the owners of approximately 40 of the lots in the Zanella subdivision, expressed an interest in purchasing all of the internal roads. It was agreed that the Ashcrofts would redeem the property from foreclosure and convey title to the internal roads to plaintiff. However,

upon inspection of the Ashcrofts' deed, plaintiff discovered that the Access Road was not included. The Ashcrofts thereafter contacted Zanella, who, by deed recorded May 29, 1986, purported to formally convey the Access Road to them, despite having previously conveyed it to the Schuhs. In November 1986, the Ashcrofts deeded to plaintiff, among other things, title to all the internal roads, including the Access Road.

In 2000, Harry Schuh passed away and his widow, Dorothy, conveyed certain property in the subdivision, including the Access Road, to defendant Nancy Myers. After difficulties developed between Myers and the other lot owners concerning use of the Access Road, plaintiff commenced this action seeking, among other things, a declaration in its favor against Myers stating that it acquired title to the Access Road by adverse possession. Plaintiff also sought a declaration establishing that it acquired a prescriptive easement over that part of the altered[1] Access Road that traverses property owned by Myers and defendant Richard H. Berger. In her answer, Myers interposed counterclaims seeking declarations that she has fee title to the Access Road and that the 1986 deeds purporting to grant title to plaintiff were void. Thereafter, plaintiff moved for summary judgment against Myers and Berger, while Myers cross-moved for summary judgment dismissing the complaint and granting her counterclaims.

Supreme Court denied plaintiff's motion for summary judgment, granted Myers' motion for summary judgment dismissing two of plaintiff's four causes of action, i.e., the adverse possession and prescriptive easement claims, and canceled the 1986 Zanella-to-Ashcrofts and Ashcrofts-to-plaintiff deeds in their entirety. The court further held that plaintiff did not acquire an easement by prescription over Berger's property. Plaintiff now appeals and Myers cross-appeals.[2]

Initially, we are unpersuaded by plaintiff's contention that it acquired fee title to the Access Road by adverse possession because it repaired and maintained the Access Road, paid

---

**1.** The record indicates that, beginning in the 1960s, Zanella constructed a motel porch on property now owned by Myers which intruded onto the Access Road, requiring lot owners to utilize the Access Road in a manner that deviated from its depiction on the subdivision map. Specifically, while the road currently follows straight from the lake in the same direction indicated on the 1955 map, when it reaches Myers' property it veers in a northerly direction cutting across her land before turning in a westerly direction onto a road owned by defendant Richard H. Berger.

**2.** Inasmuch as Myers' appellate brief fails to raise any issues substantively challenging the propriety of Supreme Court's order, we deem the cross appeal to be abandoned and, accordingly, dismiss it.

certain taxes thereon and its members used the Access Road for access to their respective lots and the lake. In reaching this conclusion, we are mindful that plaintiff objects to Supreme Court's preliminary ruling that, because plaintiff appeared only as a corporate entity in the caption of its second amended complaint and did not affirmatively indicate that it was also suing in a representative capacity on behalf of its members, the court could only adjudicate the rights of plaintiff in its corporate capacity. Plaintiff argues that, when it commenced the instant action, it was acting on its members' behalf because its corporate purpose is to promote and protect their collective interests. Assuming arguendo that plaintiff's contention is meritorious, we nevertheless conclude that it failed to establish entitlement to the Access Road by adverse possession.

Specifically, plaintiff is asserting title by adverse possession under a "claim of title not written" (RPAPL 521) as well as pursuant to a "written instrument or judgment" (RPAPL 512). Significantly, along with proving the statutory requirements pursuant to either theory, a party must also demonstrate by clear and convincing evidence the common-law elements that "the character of the possession is 'hostile and under a claim of right, actual, open and notorious, exclusive and continuous' for the statutory period of 10 years" (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996], quoting *Brand v Prince*, 35 NY2d 634, 636 [1974] [citation omitted]; *see Joseph v Whitcombe*, 279 AD2d 122, 125-126 [2001]; *see also* RPAPL 501). Notably, " '[t]he ultimate element in the rise of a title through adverse possession is the acquiescence of the real owner in the exercise of an obvious adverse or hostile ownership through the statutory period' " (*Walling v Przybylo*, 7 NY3d 228, 232 [2006], quoting *Monnot v Murphy*, 207 NY 240, 245 [1913]).

Here, Supreme Court properly found that plaintiff's proof was deficient with respect to, among other things, the specific requirement of hostility. In its absence, an adverse possession claim cannot be sustained. Significantly, plaintiff concedes that its members, along with other lot owners in the subdivision, have commonly-held express easement rights over the Access Road, and that its own purpose as a corporate entity is "to promote the interests of its members," namely, paying for the maintenance and repair of the members' commonly-held easements. Given the existence of these easements and, inasmuch as there was no agreement to the contrary, the individual lot owners and plaintiff's members had the responsibility of maintaining and repairing the Access Road for their enjoyment and use of the commonly-held easements (*see Tagle v Jakob*,

275 AD2d 573, 574 [2000], *affd on other grounds* 97 NY2d 165 [2001]). Thus, these actions were not adverse to the servient property owners, especially since the fee interest was subject to those easement rights and the owners had a duty to refrain from interfering with the use of the easement (*see id.*).

Nevertheless, plaintiff maintains that the element of hostility was established by the proof in the record. We note, however, plaintiff's conduct in paying taxes on the Access Road, without more, is insufficient to establish adverse possession (*see Kitchen v Village of Sherburne*, 266 AD2d 786, 788 [1999]). Nor is it sufficient that, several years prior to the time that plaintiff purported to purchase the Access Road from the Ashcrofts, the Schuhs were refused membership in plaintiff's organization as well as admittance onto the beachfront for their prospective tenants. As noted by Supreme Court, the prior denial of membership and beach access did not establish that the Schuhs, or later Myers, were ever precluded from using the Access Road, which was not blocked or gated. Additionally, the posting of "Private Road" signs by plaintiff was not dispositive (*see Andersen v Mazza*, 258 AD2d 726, 728 [1999]), especially since the fee holders were not excluded thereby.

Ultimately, plaintiff's own actions and the conduct of its members that it claims supported a finding of adverse possession are wholly consistent with the members' easement rights. Nothing in that proof gave rise to an action for ejectment or an objection by the fee holder. Given the absence of clear and convincing proof of activity that was hostile or adverse and in light of the existing easements over the Access Road, a claim for adverse possession was not established (*see Walling v Przybylo, supra* at 232; *Moore v City of Saratoga Springs*, 296 AD2d 707, 710 [2002]).[3]

Next, we conclude that Supreme Court properly dismissed plaintiff's causes of action asserting that it acquired easements by prescription over that portion of the Access Road that deviates from its depiction on the subdivision map by traversing land titled to Myers and Berger. Significantly, a prescriptive easement cannot be established if permission to use the property "can be inferred where, as here, the relationship between the parties is one of neighborly cooperation and accommodation" (*Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]). Specifically, "[w]here permission can be implied from the beginning,

---

**3.** Given our conclusion that plaintiff's adverse possession cause of action was properly dismissed, there is no need to address its interrelated claim that Supreme Court improperly ruled that Myers was entitled to the protection of Real Property Law § 291.

no adverse use may arise until the owner of the servient tenement is made aware of the assertion of a hostile right" (*id.* [internal quotation marks and citations omitted]).

Here, it is undisputed that the Access Road did not exist as a means of ingress and egress as it is depicted on the subdivision map since at least the mid-1960s, when Zanella owned the property. Rather, since that time, the Access Road has existed more or less in its present form, i.e., going around the motel and cutting through property currently titled to Myers and Berger. Significantly, plaintiff's proof fails to demonstrate any "distinctive and decisive act" on its part or the part of its members that would have provided notice of a hostile claim to Myers, Berger or their predecessors (*Lyon v Melino*, 214 AD2d 992, 993 [1995] [internal quotation marks and citations omitted]; *see Hassinger v Kline*, 91 AD2d 988, 989 [1983]). Therefore, the prescriptive easement claims were properly dismissed.

Finally, we are persuaded by plaintiff's contention that Supreme Court was overbroad in canceling the 1986 Ashcrofts-to-plaintiff deed in its entirety because that deed included additional, undisputed property validly conveyed by the Ashcrofts. Notably, Myers acknowledges this discrepancy and indicated in her brief that she does not object to reformation of the deed to correct this mistake. Accordingly, we deem reformation is warranted so that the language granting title to the Access Road is removed, leaving the remainder of the conveyance undisturbed (*see e.g. Fink v Shawangunk Conservancy, Inc.*, 15 AD3d 754, 755 [2005]; *see also City of Binghamton v Serafini*, 8 AD3d 835, 838 [2004]).

The remaining issues raised by the parties and not specifically addressed herein have been examined and found to be without merit.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as canceled of record the 1986 Ashcrofts-to-plaintiff deed in its entirety; said deed reformed by removing that portion purporting to convey the "Access Road" to plaintiff; and, as so modified, affirmed. Ordered that the cross appeal is dismissed, without costs.