■ B.T.N., an Infant, by His Mother and Natural Guardian, DEBORAH L. NETTI, et al., Respondents, v AUBURN ENLARGED CITY SCHOOL DISTRICT, Appellant. [845 NYS2d 614]—

Appeal from an order of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered September 21, 2006 in a personal injury action. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint or, in the alternative, to preclude the testimony of plaintiffs' expert witness.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order that, inter alia, denied its motion for summary judgment dismissing the complaint in this toxic tort action. In support of its motion, defendant contended plaintiffs cannot meet the *Frye* test inasmuch as they cannot establish, based on generally accepted scientific principles, that their exposure to alleged harmful airborne substances while they were students at defendant's school building caused the symptoms for which they seek damages (*see Frye v United States*, 293 F 1013, 1014 [1923]). We reject that contention. Although defendant met its initial burden by submitting

an expert's affidavit establishing that there was no scientifically-based causal relationship between plaintiffs' exposure and symptoms, plaintiffs raised a triable issue of fact. The record contains sufficient epidemiological evidence to support a finding of general causation, i.e., that the atypical molds found to be present in the school building can cause plaintiffs' symptoms (*see generally Parker v Mobil Oil Corp.*, 7 NY3d 434, 448 [2006], *rearg denied* 8 NY3d 828 [2007]). In addition, the affidavit of plaintiffs' expert is sufficient to support a finding of causation. There is no requirement that an expert precisely quantify exposure levels or establish a dose-response relationship. Rather, an expert may use a methodology generally accepted in the scientific community in concluding that the particular exposure caused the plaintiffs' symptoms (*see id.*; *Jackson v Nutmeg Tech., Inc.*, 43 AD3d 599, 601 [2007]). Here, plaintiffs' expert determined specific causation by the use of the scientifically-accepted methodology of differential diagnosis (*cf. Marso v Novak*, 42 AD3d 377, 378 [2007]; *see generally Terry v Ottawa County Bd. of Mental Retardation & Dev. Delay*, 165 Ohio App 3d 638, 656-658, 847 NE2d 1246, 1259-1261 [2006], *revd in part on other grounds sub nom. Terry v Caputo*, 115 Ohio St 3d 351, 875 NE2d 72 [2007]; *Alder v Bayer Corp., AGFA Div.*, 61 P3d 1068, 1084 [Utah 2002]). We have reviewed the remaining contention of defendant with respect to Supreme Court's denial of that part of its motion seeking, in the alternative, to preclude plaintiffs from presenting medical evidence at trial, and we conclude that there is no basis in the record for granting such relief. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Fahey, JJ.