◼ HASSAN GHOLIZADEH et al., Respondents, v CHARLES KEIFER et al., Appellants. [887 NYS2d 313]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Lalor, J.), entered June 13, 2008 in Greene County, which granted plaintiffs' motion for summary judgment.

Plaintiffs claim title to property along the west bank of the Catskill Creek north of the Leeds Bridge in the Town of Catskill, Greene County, under a deed dated May 2, 2006 from William L. Van Vechten (hereinafter Van Vechten) and Linda J. Van Vechten. Defendants claim title to a portion of the same property under an executor's deed dated May 30, 1980 in the estate of Margaret Keifer and deny plaintiffs' claim of title. Plaintiffs commenced this action pursuant to RPAPL article 15 to compel a determination of claims to real property. Supreme Court granted plaintiffs' motion for summary judgment, prompting defendants' appeal. We reverse.

According to plaintiffs, the property in question, referred to as the "island parcel," was an island in the Catskill Creek when deeded to Van Vechten's parents in 1934, and subsequently, as a result of flood control measures undertaken in the 1950s, became part of the west bank of the creek.

The 1934 deed places the island in Catskill Creek "just north of the Stone Bridge at Leeds," gives a size description of "about three acres more or less" and defines its boundaries by Catskill Creek to the east and surrounding properties to the north, south and west. Supreme Court relied on this deed, holding that "[i]t sufficiently describes the subject parcel to form a basis for judgment in favor of plaintiffs."

The record also contains evidence that a portion of the island parcel was sold to a utility company in 1970 and Van Vechten, plaintiffs' grantor, testified at his examination before trial that he has posted "no trespassing" signs on the property for approximately 30 years. Accordingly, plaintiffs established prima facie entitlement to summary judgment, shifting the burden to defendants to submit competent evidence in admissible form demonstrating the existence of triable issues of fact (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Quinn v Depew*, 63 AD3d 1425, 1428-1429 [2009]).*

Defendants' interpretation of the boundary lines in the executor's deed under which they claim title contradicts plaintiffs' interpretation of the boundary lines in the deeds relied upon by plaintiffs. Defendant Charles Keifer submitted an affidavit stating that the property defendants claim has been in defendants' family since 1925 and that they have paid taxes on the property since that time. Defendants also submitted an affidavit from a licensed professional land surveyor, who, based on his field observations and review of Greene County property and tax records, as well as Department of Transportation (hereinafter DOT) records, concluded that defendants are the owners of the southerly portion of the disputed property and that the northern portion is owned by S. Berzal Company, Inc., not plaintiffs.

Defendants' surveyor also noted that state survey documents contradict plaintiffs' interpretation of the property lines.

---

* Plaintiffs also submitted a recent survey map of the island parcel; however, that survey is based on hearsay in the form of Van Vechten's self-serving description of the boundary lines given to surveyors within a month prior to selling the property to plaintiffs. Accordingly, that survey map, and the boundary description in plaintiffs' 2006 deed based on the same information, " 'lack[ ] any indicia of reliability as admissible documentary evidence' " (*Miller v Powers*, 53 AD3d 1125, 1128 [2008], quoting *Dewey v Gardner*, 248 AD2d 876, 878 [1998]).

Supreme Court refused to consider these survey documents without proof that they were based on deed descriptions. However, these documents were prepared for and filed with the former Department of Public Works (now DOT) to support the appropriation of easements along the Catskill Creek as part of a flood control project pursuant to Highway Law § 30. The documents are signed and dated by the district engineer and addressed to the claimed predecessors in interest of both plaintiffs and defendants. Defendants also submitted an affidavit from a former DOT right-of-way agent who explained that the survey maps would be based on actual field surveys. Finally, there is some evidence that these documents also may have been filed with the Greene County Clerk's office, in which case they would constitute prima facie evidence of their contents pursuant to CPLR 4522. Accordingly, the court should have considered these documents (*see Patterson v Palmieri*, 284 AD2d 852, 853 [2001]; *Sloninski v Weston*, 232 AD2d 913, 914 [1996], *lv denied* 89 NY2d 809 [1997]). The evidence submitted by defendants, therefore, raises material issues of fact to be resolved at trial and summary judgment was not appropriate.

Cardona, P.J., Peters, Kavanagh and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and motion denied.