■ JAMES NIXON et al., Appellants, v JESSE J. MORRIS et al., Respondents. [936 NYS2d 773]—

Egan Jr., J.

To obtain an easement by prescription, the Morrises would need to establish that their use of the path was "adverse, open, notorious, continuous and uninterrupted for the 10-year prescriptive period" (*Bouton v Williams*, 42 AD3d 795, 795 [2007]; *see Lew Beach Co. v Carlson*, 77 AD3d 1127, 1128 [2010]; *Weir v Gibbs*, 46 AD3d 1192, 1193 [2007]; *State of New York v Johnson*, 45 AD3d 1016, 1019 [2007]). As the record reflects that they cannot satisfy at least one of the foregoing elements, Supreme Court erred in failing to grant plaintiffs' cross motion for summary judgment dismissing the counterclaim for a prescriptive easement in its entirety.

In support of their cross motion for summary judgment, plaintiffs tendered, among other things, affidavits from certain of their neighbors, all of whom averred that they did not see the Morrises use the path or the related beachfront prior to the commencement of this lawsuit. Plaintiffs also offered the examination before trial testimony of, among others, Belinda Morris (hereinafter Morris). Although Morris' testimony establishes that her predecessors in title—her parents—lived on the Lewis Point Road property until 2005,[2] she failed to demonstrate that they used the path in a continuous and uninterrupted manner during the prescriptive period. As to her own use of the path during the years in question, Morris testified that she lived on the property—at least off and on—until she married in 1999, at which point she moved away. Morris could not, however, recall with any degree of clarity or specificity where she and her husband thereafter resided, nor does the record reveal the frequency with which they utilized the path between the time they married and their subsequent purchase of the Lewis Point Road property. In this regard, Morris indeed testified that she consistently utilized the path for various purposes throughout the course of her lifetime, including birthday and prom parties, ice fishing, snowmobiling, picnicking and watching the sunset. This testimony, however, was vague and conclusory as to the dates upon (or even the years during) which such use occurred (*see Weir v Gibbs*, 46 AD3d at 1193)—particularly with respect to her use of the path during the prescriptive period (1999 to 2009). In short, despite being questioned extensively on the subject and, in turn, afforded ample opportunity to document their use of the path during the prescriptive period, Morris and her spouse failed to do so. Additionally, while the Morrises were not required to establish that their use of the path was exclusive (*see Levy v Morgan*, 31 AD3d 857, 858 [2006]), they nonetheless failed to distinguish their use of the path from that of the general public (*see Aubuchon Realty Co. v Cohen*, 294 AD2d 738, 739 [2002]; *Rivermere Apts. v Stoneleigh Parkway*, 275 AD2d 701, 702 [2000]). Notably, Morris repeatedly testified that "everyone" used the path.

Peters, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as denied plaintiffs' cross motion for summary judgment dismissing defendants' counterclaim for a prescriptive easement as to defendants Jesse J. Morris and

---

2. Morris purchased the property from her parents in 2005 and thereafter razed her childhood home and constructed the residence in which she and her husband presently reside.

Belinda J. Morris; cross motion granted and said counterclaim dismissed in its entirety; and, as so modified, affirmed.