Malone Jr., J.
Appeal from an order of the Supreme Court (Zwack, J.), entered July 22, 2010 in Ulster County, which, among other things, granted plaintiffs’ cross motions for partial summary judgment.
Plaintiffs are the owners of real property located in the Town of Hurley, Ulster County. Defendants Cybele Richmond, City of New York and Wittenberg Sportsmen’s Club (collectively referred to as defendants) each own parcels of real property in the Town of Woodstock, Ulster County that are accessible via a right-of-way, commonly known as Alexander Road, that travels from a public highway over plaintiffs’ property.[1] At a certain point, Alexander Road forks; at issue on this appeal is defendants’ use of the left side of that fork.
Plaintiffs commenced this action against defendants and oth *1392 ers to establish the parties’ respective rights with regard to Alexander Road and the left side of the fork. When Wittenberg moved for summary judgment dismissing the complaint, plaintiffs opposed that motion and cross-moved for summary judgment against Wittenberg. Plaintiffs also cross-moved for partial summary judgment on their second cause of action against Richmond and the City (regarding its property in the Town of Woodstock)[2] and Richmond then cross-moved for summary judgment on her counterclaim against plaintiffs. After considering all of the evidence submitted in connection with the various motions, Supreme Court determined that defendants did not possess any right to use Alexander Road or the left fork and, accordingly, denied the motions of Wittenberg and Richmond and granted plaintiffs’ cross motions for summary judgment. Richmond and the City appeal.
Initially, neither the City nor Richmond established that their predecessors in interest acquired a prescriptive easement over Alexander Road. Although the record contains numerous affidavits of plaintiffs and various defendants, as well as others who have used the subject right-of-way over the years, none supports a finding that the right-of-way was used in a hostile manner for a period of 10 years by defendants or any of their predecessors in interest (see Nixon v Morris, 91 AD3d 1170, 1171 [2012]; Lew Beach Co. v Carlson, 77 AD3d 1127, 1128 [2010]). On the other hand, plaintiffs’ submissions establish that, historically, the use of Alexander Road was by permission in the spirit of neighborly accommodation (see Chaner v Calarco, 77 AD3d 1217, 1218 [2010], lv denied 16 NY3d 707 [2011]). Inasmuch as the City and Richmond failed to offer proof tending to demonstrate that their use of the right-of-way was hostile for the requisite time period, plaintiffs were properly granted summary judgment on this claim (see Nixon v Morris, 91 AD3d at 1172).
Nor did the City establish that it was granted a valid easement by deed. Although a deed in the City’s chain of title does include a description of an easement, there is no basis in the record for the inclusion of such in that deed. Moreover, plaintiffs’ title expert averred that, based upon his review of the chain of title, neither the City nor Richmond has a valid written easement over plaintiffs’ property. Inasmuch as the City did not submit any documentary or expert evidence to refute that conclusion, it failed to establish that it had a valid deeded ease *1393 ment (see Goldstein v Jones, 32 AD3d 577, 580-581 [2006], lv dismissed 8 NY3d 939 [2007]). As for the City’s alternate contention that it is entitled to an easement by necessity, the record contains uncontroverted proof establishing that the City’s property is not contained within the same chain of title as plaintiffs’ property, which defeats an essential element of the City’s claim (see Lew Beach Co. v Carlson, 77 AD3d at 1129-1130).
Finally, contrary to Richmond’s contentions, plaintiffs’ causes of action are not barred by the doctrine of collateral estoppel based upon plaintiffs’ involvement in prior litigation with defendants Karl W. Sjursen and Sheila L. Sjursen and other members of the Sjursen family regarding that family’s use of Alexander Road.[3] In that case, Supreme Court (Carpinello, J.) found that the Sjursens and plaintiffs shared a predecessor in title, who had expressly reserved an easement over plaintiffs’ property when he subdivided it. As such, the court ultimately concluded that the Sjursens had a deeded easement to use both forks of Alexander Road. Inasmuch as the issues and parties in this case are not identical to those involved in the prior litigation, and because plaintiffs demonstrated that they did not have a full and fair opportunity to litigate the claims now presented, collateral estoppel does not bar plaintiffs’ claims (see Robinson v Robinson, 11 AD3d 853, 855 [2004]).
Peters, P.J., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.

. The City also owns a parcel of property located in the Town of Hurley, Ulster County, which is likewise accessed by the City over Alexander Road.

. The issue of the City’s use of Alexander Road to access its property in the Town of Hurley was not subject to plaintiffs’ motion for partial summary judgment.

. The Sjursens own more than one parcel, one of which is derived from common ownership with plaintiffs and is accessible via the right fork of Alexander Road and the other which was part of a subdivision that cannot be traced to common ownership and is accessible via the left fork in the road. According to plaintiffs, there is a motion pending before Supreme Court to vacate that part of the prior order that included the left fork as part of the deeded easement.