Mercure, J.E
Appeal from an amended order of the Supreme Court (Platkin, J.), entered July 15, 2011 in Greene County, which denied plaintiffs motion for summary judgment and granted defendant summary judgment partially dismissing the amended complaint.
In 2002, defendant acquired a parcel of property on which a 100-foot long driveway is located. Plaintiff, the owner of adjacent property, has used the driveway to access his house since 1989. After defendant allegedly blocked plaintiff’s access to the driveway in 2008, plaintiff commenced this action seeking a declaration that he has a prescriptive easement or an easement by necessity over the driveway. Following joinder of issue, *1085 plaintiff moved for summary judgment. Supreme Court denied the motion and, upon searching the record, granted partial summary judgment to defendant, dismissing the first cause of action and declaring that plaintiff does not enjoy a prescriptive easement over the driveway. Plaintiff appeals, and we now affirm.
Plaintiffs primary argument is that Supreme Court erred in determining that he failed to raise a triable issue of fact regarding whether his use of defendant’s driveway was hostile. To establish the existence of an easement by prescription, a plaintiff must demonstrate, by clear and convincing evidence, “that the use of the servient property was open, notorious, continuous and hostile for the prescriptive period; once the other elements of the claim are established” — as they were here — “hostility is generally presumed, thus shifting the burden to the defendant to demonstrate that the use was permissive” (Barra v Norfolk S. Ry. Co., 75 AD3d 821, 823 [2010]; see Allen v Mastrianni, 2 AD3d 1023, 1024 [2003]; McNeill v Shutts, 258 AD2d 695, 696 [1999]). The presumption does not arise, however, when the parties’ relationship was one of neighborly cooperation or accommodation (see Alexander v Oakley, 95 AD3d 1391, 1392 [2012]; Allen v Mastrianni, 2 AD3d at 1024; see also Estate of Becker v Murtagh, 19 NY3d 75, 82 [2012]).
Defendant submitted evidence of neighborly accommodation, including an affidavit from its predecessor’s property manager, who stated that the prior landowner — which owned defendant’s property from 1997 to 2001 — had a policy that neighbors were free to use the driveway to access their own land, and townspeople and the fire department were free to use the driveway to access a nearby creek. In his deposition, plaintiff admitted that in 1989, the presumed owner of defendant’s property expressly granted him permission to use the driveway and asked if he had an interest in purchasing the land. In addition, plaintiffs realtor had informed him that the previous owners of plaintiffs property had used the driveway and that plaintiff could use it as well. Finally, although plaintiff introduced a 1930s-era illustration of both properties showing the driveway to be the only access to his land at that time, there is no evidence that the driveway was continuously used for the requisite time period such that plaintiffs predecessors acquired a prescriptive easement, as he asserts in the alternative. Given the evidence of neighborly accommodation, plaintiffs testimony admitting that he was given express permission to use the driveway, and the absence of any proof to contradict those statements, Supreme Court properly granted partial summary judgment to defendant *1086 dismissing the prescriptive easement claim (see Alexander v Oakley, 95 AD3d at 1392; Allen v Mastrianni, 2 AD3d at 1024; see also Nixon v Morris, 91 AD3d 1170, 1172 [2012]).
Plaintiffs remaining arguments are either unpreserved or, upon consideration, have been found to be lacking in merit.
Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the amended order is affirmed, with costs.