In an action pursuant to RFAFL article 15 for a judgment declaring that the plaintiffs acquired certain real property by adverse possession, the defendants appeal from eight judgments of the Supreme Court, Kings County (Vaughan, J.), all dated July 12, 2011, which, after a nonjury trial, declared the plaintiffs to be the owners in fee simple absolute of the subject properties, and dismissed the defendants’ counterclaims, inter alia, to recover the fair value of the use and occupancy of the subject properties.
Ordered that the judgments are affirmed, with one bill of costs.
The Supreme Court properly found, based on clear and convincing evidence, that the plaintiffs established their ownership of the subject properties by adverse possession. A party seeking to obtain title by adverse possession must prove, by clear and convincing evidence, the following common-law requirements of adverse possession: that the possession was (1) hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, atid (5) continuous for the statutory period of *944 10 years (see Skyview Motel, LLC v Wald, 82 AD3d 1081, 1082 [2011]; BTJ Realty, Inc. v Caradonna, 65 AD3d 657, 658 [2009]; Goldschmidt v Ford St., LLC, 58 AD3d 803, 804 [2009]). Here, only the first element is in dispute. According to the defendants, the plaintiffs’ use of the properties was by permission.
Based on two letters written by the defendant Arlene Serpico, and by attorneys on behalf of her deceased mother, Rose Serpico, respectively, which the Supreme Court properly admitted into evidence (see Bellino v Bellino Constr. Co., 75 AD2d 630, 630 [1980]), a landlord/tenant relationship existed between the parties and their predecessors and, therefore, RPAPL 531 applies. Since no written lease existed and the admissible evidence established that neither the plaintiffs nor their predecessor paid rent for their use of the properties since July 21, 1981, any permission that may have been granted to the plaintiffs or their predecessor to use the properties effectively ceased after 10 years (see RPAPL 531; Gallea v Hess Realty Corp., 128 AD2d 274, 277 [1987], affd 71 NY2d 999 [1988]). Thus, by operation of RPAPL 531, the plaintiffs’ adverse possession of the properties commenced on July 21, 1991. Under the circumstances of this case, we agree with the Supreme Court that the plaintiffs established their hostile use of the properties for a period of 10 years after the permissive period expired (see generally Hall v Sinclaire, 35 AD3d 660, 663 [2006]), and that the plaintiffs were, therefore, entitled to a judgment declaring them to be the owners in fee simple absolute of the subject properties.
The defendants’ remaining contentions are without merit.
In light of the foregoing determination, the Supreme Court properly dismissed the defendants’ counterclaims, inter alia, to recover the fair value of the use and occupancy of the subject properties. Rivera, J.P, Dillon, Dickerson and Austin, JJ., concur.