■ ANTHONY F. TAVERNI et al., Respondents-Appellants, v WILLIAM D. BRODERICK et al., Appellants-Respondents. [975 NYS2d 807]—

---

Lahtinen, J. Cross appeals from an order of the Supreme Court (Krogmann, J.), entered June 22, 2012 in Warren County, upon a decision of the court partially in favor of plaintiffs.

The parties, owners of adjacent properties on Atateka Drive in the Town of Chestertown, Warren County, disagree about an express easement and asserted prescriptive easements affecting their properties. In 1985, plaintiffs purchased their parcel, which is located generally south of defendants' parcel, and defendants have resided since the early 1980s on their parcel, which has been in defendant William D. Broderick's family for several generations. The parties' predecessors-in-interest had executed, in 1977, an agreement with reciprocal easements regarding a right-of-way[1] along an unpaved driveway that ran from Atateka Drive east about 295 feet to a single structure garage/shed.[2] The vast majority of the driveway easement was on the south side of defendants' parcel with a small, narrow portion located in the northwest corner of plaintiffs' parcel where the driveway intersected Atateka Drive. The 1977 agreement stated that the reciprocal right-of-way over the driveway was "for the purpose of ingress and egress only to and from the garage-shed located in the rear of said premises" and provided that no one would "erect any structures on the said driveway which would obstruct the passage to and from the said garage-shed."

The longtime amicable relationship that the parties had enjoyed began to deteriorate between 2004 and 2005 for a variety of reasons ostensibly related to plaintiffs' decision to begin living at their property full time and construction they undertook thereon. Defendants placed a fence along their south border and plaintiffs then commenced this action alleging, among other things, interference with the driveway easement as well as rights from prescriptive easements. Defendants counterclaimed asserting, among other things, trespass by plaintiffs.

Following a nonjury trial, Supreme Court rendered a written

---

1. A right-of-way in the same area had been initially created in a 1963 deed.

2. The boundary between the parcels intersected the structure, with the garage portion on defendants' land and the shed part on plaintiffs' land.

decision finding that plaintiffs had established a prescriptive easement in a walkway from the front of their house to the driveway, a prescriptive easement to access the driveway over two walkways in the back of the house, but had failed to prove a prescriptive easement to park on the driveway or in a rear parking area on defendants' property. The court further directed defendants not to interfere with the prescriptive rights found in its decision or plaintiffs' right to access the shed over the driveway, found that plaintiffs have the right to maintain the driveway easement in a reasonable condition, rejected plaintiffs' attempt to restrict defendants' use of the driveway, enjoined plaintiffs from entering defendants' property except for proper use of the driveway easement, and dismissed defendants' trespass claim against plaintiffs. Both parties appeal.

The findings of prescriptive easements must be reversed. As for the access to the driveway from the front walkway, both parties acknowledge that there is no prescriptive easement since the front walkway and the area of the driveway accessed thereby are entirely in areas already owned by plaintiffs (*see e.g. Will v Gates*, 89 NY2d 778, 784 [1997] ["a person cannot have an easement in his or her own land"]). With regard to the alleged prescriptive easements in the rear walkways, one of the elements of a prescriptive easement is hostile use, which does not arise when the use is permissive, and "permission can be inferred where . . . the relationship between the parties is one of neighborly cooperation and accommodation" (*Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]; *see Estate of Becker v Murtagh*, 19 NY3d 75, 82 [2012]; *Ward v Murariu Bros., Inc.*, 100 AD3d 1084, 1085 [2012]; *McKeag v Finley*, 93 AD3d 925, 927 [2012]). The overwhelming and virtually uncontested proof established that until 2004, the parties, as well as their predecessors-in-interest, had very amicable relationships. The record is replete with examples of neighborly cooperation and accommodation involving, among many other things, various permitted expanded uses of the driveway easement. Supreme Court found that defendants had established permissive use by plaintiffs regarding the asserted prescriptive parking easements and the record simply does not support a contrary view as to the other alleged prescriptive easements.

Plaintiffs urge that Supreme Court did not adequately set forth the specific injunctive relief that it was granting regarding the driveway easement since it generally directed removal of structures to the extent that they interfered with the driveway. Where, as here, "the extent of a right-of-way is not specified, it is construed to be that which is necessary for the use for which

it was created" (*Town of Ulster v Massa*, 144 AD2d 726, 728 [1988], *lv denied* 75 NY2d 707 [1990]). There was evidence that the use of the driveway by plaintiffs' predecessors (who executed the 1977 agreement), as well as plaintiffs thereafter, included towing a boat on a nearly 20-foot trailer behind a vehicle to and from the shed for storage purposes. The partial gate constructed by defendants with an opening of about eight feet and the easterly most section of split rail fence near the garage/shed hinder this purpose and must be removed.

Plaintiffs further seek a declaration that the entire easement has a width of 12 feet. There was conflicting proof on this issue and Supreme Court made no credibility determination with respect thereto. Plaintiff Anthony F. Taverni testified that the driveway was 12 feet wide, Broderick testified that it was eight feet wide and the surveys in the record depict a width that does not appear uniform for the length of the easement. The record contains no rational ground upon which to resolve these conflicting contentions, and there is insufficient proof as to the width that would be reasonably necessary to drive a vehicle towing a 20-foot trailer between the road and shed. Under such circumstances, we decline to set a specific width, but reiterate that defendants may not place any structure or hindrance that would prevent a reasonable driver from being able to negotiate a vehicle pulling a trailer comparable to the vehicle and trailer use that has historically been made of the driveway.

Defendants contend that Supreme Court erred in dismissing, upon the ground that their damages were de minimus, their trespass cause of action, and they seek an award of nominal damages. The trespass having been established, but no damages proven, we find that defendants should have been awarded one dollar (*see generally Hodges v Cusanno*, 94 AD3d 1168, 1170 [2012]).

We find merit in plaintiffs' argument that their request to restrict defendants' use of the driveway easement should not have been totally dismissed. A small part of the driveway easement near its intersection with Atateka Drive is on plaintiffs' property and, as to such section on plaintiffs' property, defendants' right is restricted to use consistent with the express terms of the easement (identical to the restriction on plaintiffs' right to cross the part of the driveway located on defendants' property), i.e., "for the purpose of ingress and egress only to and from the garage-shed located in the rear of the said premises."

The remaining arguments are either academic or unavailing.

Rose, J.P., Stein and Garry, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing

so much thereof as recognized in plaintiffs any prescriptive easements in defendants' property or their own property; defendants are directed to remove the partial gate or gates constructed in the driveway easement and to remove the easterly most section of split rail fence near the garage/shed, defendants are awarded nominal damages of one dollar on their trespass cause of action, and it is declared that defendants' use of the portion of the driveway easement located on plaintiffs' property is restricted to the use set forth in the 1977 agreement; and, as so modified, affirmed.