*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                518013
_____

SUSAN E. MILLINGTON,
                    Appellant,
          v                              MEMORANDUM AND ORDER

KENNY & DITTRICH AMHERST, LLC,
                    Respondent.
_____

Calendar Date:  November 12, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

_____

        Susan E. Millington, Diamond Point, appellant pro se.

        Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Mark
E. Cerasano of counsel), for respondent.

_____

Lynch, J.

        Appeal from an order of the Supreme Court (Muller, J.),
entered August 29, 2013 in Warren County, which, among other
things, granted defendant's motion for summary judgment
dismissing the complaint.

        The parties own adjacent properties, known as 375 and 377
Canada Street, in the Village of Lake George, Warren County.
Those properties combine to form lot 111, which was purchased by
plaintiff's father, William W. Millington, in 1955.  Millington
sold all but the northeast corner of the lot in 1956, retaining a
four-foot-wide easement "south and west of the said reserved
premises for ingress and egress thereto, snow removal,
maintenance, [and] repairs."  Millington practiced law in a
building at 377 Canada Street.  Over the years, a variety of
businesses have operated in a commercial building at 375 Canada

Street. The area behind 375 and 377 Canada Street is used for parking, and may be accessed from Canada Street by means of a narrow alley running between the buildings, or from a dirt road running behind the buildings.

Plaintiff, who is also an attorney, acquired 377 Canada Street from Millington in 2010. Defendant acquired 371, 373 and 375 Canada Street in 2012, and it intends to construct a hotel on that property. A dispute arose as to whether plaintiff was entitled to access and park in the area behind 377 Canada Street, prompting her to commence the present RPAPL article 15 action. Plaintiff specifically argued that she has acquired that part of the parking area behind 377 Canada Street by adverse possession and, moreover, that she enjoys a prescriptive easement over that area and the routes to access it. Following joinder of issue, defendant moved for summary judgment. Plaintiff opposed the motion and cross-moved for summary judgment. Supreme Court granted defendant's motion, and plaintiff now appeals.

We affirm. Plaintiff initially argues that further discovery is required into the motives of the former owner of 375 Canada Street and her son, as well as Millington's former secretary — all of whom submitted affidavits in support of defendant's motion — because she contends that each mischaracterized the use of the area behind 377 Canada Street by plaintiff and Millington. It suffices to say that those individuals are nonparties, and plaintiff does not elucidate how "further discovery would yield material evidence and also demonstrate how further discovery might reveal material facts in [defendant]'s exclusive knowledge" (Rochester Linoleum & Carpet Ctr., Inc. v Cassin, 61 AD3d 1201, 1202 [2009] [internal quotation marks and citation omitted]; see CPLR 3212 [f]; 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1396 [2009], lv denied 14 NY3d 706 [2010]).

Turning to the merits, "[t]o establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (at least 10 years)" (Estate

of Becker v Murtagh, 19 NY3d 75, 81 [2012]; see RPAPL 501; Walling v Przybylo, 7 NY3d 228, 232 [2006]).  "So long as the use is open, notorious and continuous for the 10-year period, hostility will [generally] be presumed" (2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d at 1393 [citations omitted]).  The presumption of hostility may not apply, however, "where there is a close and cooperative relationship between the record owner and the person claiming title through adverse possession" (Estate of Becker v Murtagh, 19 NY3d at 82).  To put it differently, permissive use "may be inferred from a history of 'neighborly cooperation and accommodation'" (McKeag v Finley, 93 AD3d 925, 927 [2012], quoting Allen v Mastrianni, 2 AD3d 1023, 1024 [2003]).

Defendant argues, among other things, that plaintiff cannot satisfy the element of hostility.  Plaintiff asserts that the hostile use of the area behind 377 Canada Street began in 1963, when Millington began parking there after a motel operating at 375 Canada Street burned down.  She is therefore attempting to establish Millington's hostile use of property that he had recently deeded away, a claim requiring "strong[] proof" that is wholly lacking here (Sherman v Kane, 86 NY 57, 69 [1881]; see Mannix v Riordan, 75 App Div 135, 137 [1902]).  Plaintiff does not dispute that both she and Millington were on good terms with the prior owners of 375 Canada Street and that Millington had "a very friendly, cordial relationship [with nearby businesses] when it came to . . . accommodating the parking needs for all of the businesses on the block" (see Estate of Becker v Murtagh, 19 NY3d at 82; McKeag v Finley, 93 AD3d at 927; Allen v Mastrianni, 2 AD3d at 1024).  Indeed, it is particularly worthy of note that plaintiff does not provide an affidavit from Millington, who could presumably rebut this evidence of cooperation and explain how his use of the parking area and access thereto was hostile. Given this unanswered evidence of neighborly accommodation, Supreme Court properly granted summary judgment to defendant and dismissed the adverse possession claim (see Penn Hgts. Beach Club, Inc. v Myers, 42 AD3d 602, 606-607 [2007], lv dismissed 10 NY3d 746 [2008]; Gorman v Hess, 301 AD2d 683, 685 [2003]; Allen v Mastrianni, 2 AD3d at 1024).

Plaintiff's additional claims that she enjoys a

prescriptive easement over the parking area and access routes were correctly dismissed for the same reason, as hostility is required to establish a prescriptive easement (see Taverni v Broderick, 111 AD3d 1197, 1199 [2013]; Ward v Murariu Bros., Inc., 100 AD3d 1084, 1085-1086 [2012]; Aubuchon Realty Co. v Cohen, 294 AD2d 738, 739 [2002]).  In light of the foregoing, we need not consider whether plaintiff has established the other elements of her claims.

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court