*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015                518716
_____

KRISHAN G. GULATI, as Trustee
    of the February 15, 2002
    Charlotte E. Gulati,
    Beekmantown, QPRT,
                    Respondent,

          v                                   MEMORANDUM AND ORDER

BRIAN O'LEARY et al.,
                    Appellants.
_____

Calendar Date:  January 13, 2015

Before:  Peters, P.J., Rose, Egan Jr. and Clark, JJ.

                        _____


        Schneider & Palcsik, Plattsburgh (Mark Schneider of
counsel), for appellants.

        Stafford Law Office, Plattsburgh (Thomas M. Murnane of
counsel), for respondent.


                        _____


Rose, J.

        Appeal from a judgment of the Supreme Court (McGill, J.),
entered June 10, 2013 in Clinton County, which granted
plaintiff's motion for a directed verdict.

        The parties own adjoining properties on Lake Champlain in
the Town of Beekmantown, Clinton County.  Plaintiff — in his
individual capacity — and his wife purchased the property now
held by the February 15, 2002 Charlotte G. Gulati, Beekmantown,
QPRT (hereinafter the Trust) in 1986, and the Trust rents the
summer cottage located on the property to seasonal tenants.  In
order to reach the cottage, the tenants use a driveway on the

adjoining property. Defendants purchased this adjoining property in 2005 and sought to stop the Trust's tenants from using the driveway, eventually erecting a fence to block access from their property to the Trust's cottage. Relying on language in the 1986 deed to plaintiff in his individual capacity and his wife granting a right-of-way over "the usual traveled road," which mirrors the language of an easement granted in 1937 to the original titleholders of one of the three parcels comprising the Trust's property (hereinafter the lakefront parcel), plaintiff commenced this action pursuant to RPAPL article 15 seeking a declaration that the property owned by the Trust has either a deeded right-of-way over defendants' property or, in the alternative, a prescriptive easement. Defendants counterclaimed to quiet title and for ejectment and intentional trespass.

After joinder of issue and discovery, plaintiff moved for summary judgment on its causes of action to declare the existence of a right-of-way over defendants' property or for a prescriptive easement. Defendants opposed the motion and cross-moved for summary judgment on their counterclaims. Supreme Court noted that the expert submissions from both parties recognized the existence of two rights-of-way benefitting the Trust property. Based on the competing expert opinions as to the location of "the usual traveled road," however, the court found a triable issue of fact as to whether the relevant deeded right-of-way was located on defendants' property. The court partially granted plaintiff's motion for summary judgment on his claim for a deeded right-of-way by establishing the existence of a grant of such a right-of-way from the lakefront parcel to the nearest public highway and first appearing in the chain of title in 1937, finding a triable issue as to the location of this right-of-way in relation to the parties' respective properties and denying defendants' cross motion. The matter then proceeded to a jury trial and, at the conclusion of all the evidence, plaintiff moved for a directed verdict on the prescriptive easement cause of action. Supreme Court granted the motion, leaving the question of the location of the deeded right-of-way unanswered. The court then entered a judgment and defendants now appeal, arguing that the motion for a directed verdict should have been denied and that their cross

motion for summary judgment should have been granted.[1]

        We cannot agree with defendants' contention that their
cross motion for summary judgment dismissing plaintiff's claim
for a prescriptive easement should have been granted.  A party
claiming a prescriptive easement must show, by clear and
convincing evidence, that the use of the easement was open,
notorious, hostile and continuous for a period of 10 years (see
Ward v Murariu Bros., Inc., 100 AD3d 1084, 1085 [2012]; Nixon v
Morris, 91 AD3d 1170, 1171 [2012]; Estate Ct., LLC v Schnall, 49
AD3d 1076, 1077 [2008]).  Although the element of hostility is
presumed upon a showing of the other elements, where "the
relationship between the parties is one of neighborly cooperation
and accommodation," no such presumption arises and, rather,
permission will be inferred (Allen v Mastrianni, 2 AD3d 1023,
1024 [2003]; accord Taverni v Broderick, 111 AD3d 1197, 1199
[2013]).  "Generally, the question of implied permission is one
for the factfinder to resolve" (Barra v Norfolk S. Ry. Co., 75
AD3d 821, 824 [2010] [citations omitted]).

        Here, the evidence submitted on the summary judgment
motions indicates that a neighborly relationship existed between
plaintiff, individually, the Trust's tenants and defendants'
predecessors in title.  However, inasmuch as there is no evidence
of express permission granted to use defendants' property, and
the relevant parties are not "related by blood or part of a
select group of friends," summary judgment dismissing the claim
for a prescriptive easement on the ground that plaintiff was
unable to establish hostility was not warranted (id. at 824
[internal quotation marks and citation omitted]; see Lew Beach
Co. v Carlson, 77 AD3d 1127, 1129 [2010]; Barlow v Spaziani, 63
AD3d 1225, 1226-1227 [2009]).

_____

        [1] Although plaintiff argues that defendants did not appeal
the order that determined the motions for summary judgment, their
appeal from the final judgment brings that order up for review
(see CPLR 5501 [a] [1]; Windsearch, Inc. v Delafrange, 90 AD3d
1223, 1223 n 1 [2011]).

     On the other hand, by the same reasoning, we must agree with defendants that the motion for a directed verdict granting plaintiff a prescriptive easement should have been denied. Inasmuch as the evidence at trial also revealed that plaintiff, individually, the Trust's tenants and defendants' predecessors in title were neighborly in their dealings with respect to the driveway, we cannot say that "there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Gold v Di Cerbo, 41 AD3d 1051, 1052 [2007], lv denied 9 NY3d 811 [2007], quoting Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see CPLR 4401).

     Although defendants also contend that they were entitled to summary judgment dismissing plaintiff's request for a declaration of a deeded right-of-way, their own expert recognizes the existence of such an easement, but opines that it is not located on defendants' property.  Based on the competing expert opinions as to whether the right-of-way is located on defendants' property, triable issues of fact exist as to its location (see Kennedy v Nimons, 121 AD3d 1229, 1231 [2014]; Gholizadeh v Keifer, 66 AD3d 1209, 1210-1211 [2009]).  Defendants' remaining contentions have been considered and determined to be unavailing.

     Peters, P.J., Egan Jr. and Clark, JJ., concur.


     ORDERED that the judgment is reversed, on the law, with costs, motion denied and matter remitted to the Supreme Court for a new trial.



                         ENTER:

                         Robert D. Mayberger
                         Clerk of the Court