Schwengber v Hultenius (2018 NY Slip Op 02379)





Schwengber v Hultenius


2018 NY Slip Op 02379


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

524689

[*1]JANET SCHWENGBER et al., Respondents,
v
DAVID C. HULTENIUS, Appellant.

Calendar Date: February 22, 2018

Before: Garry, P.J., McCarthy, Devine, Mulvey and Rumsey, JJ.


Thomas F. Garner, Middleburgh, for appellant.
Joanne Darcy Crum, Cobleskill, for respondents.


McCarthy, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Lambert, J.), entered December 23, 2016 in Delaware County, which, among other things, granted plaintiffs' motion for summary judgment.
Plaintiff Janet Schwengber purchased property in 1974 and later deeded the property to herself and plaintiff Maureen Kennedy, who had lived on the property since 1995, as joint tenants. Defendant purchased the neighboring property in 2011. A shared driveway leads from the road onto defendant's property then splits, with one section leading behind defendant's house and the other section leading to a garage on plaintiffs' property. Plaintiffs have each used the shared driveway to reach their garage as long as they have respectively lived at the property. In 1973, one of defendant's predecessors-in-interest granted an express easement to Schwengber's immediate predecessors-in-interest, but that express easement terminated
upon the sale of the property to Schwengber.
In 2012, the parties' relationship soured and defendant asked plaintiffs to stop using his driveway by a specified date. Plaintiffs commenced this litigation asserting that they had obtained an easement by prescription and seeking a declaration that defendant may not interfere with their rights to use the driveway. Defendant answered, asserting a counterclaim pursuant to RPAPL article 15. Plaintiffs moved for summary judgment. Defendant cross-moved for summary judgment seeking dismissal of the complaint, removal of encroachments on his property and an order directing plaintiffs to cease using the driveway. Supreme Court granted plaintiffs summary judgment on their two causes of action, dismissed defendant's affirmative defenses and denied his cross motion. Defendant appeals.
Supreme Court erred in granting plaintiffs' motion because triable questions of fact exist regarding the element of hostility. "A party claiming a prescriptive easement must show . . . that the use of the easement was open, notorious, hostile and continuous for a period of 10 years" (Gulati v O'Leary, 125 AD3d 1231, 1233 [2015] [citations omitted]; see Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012]). Hostility is the only element contested here. Once the other elements of a prescriptive easement are established, "hostility is generally presumed, thus shifting the burden to the defendant to demonstrate that the use was permissive" (Barra v Norfolk S. Ry. Co., 75 AD3d 821, 823 [2010]). However, permission can be inferred when "the relationship between the parties is one of neighborly cooperation and accommodation," in which case no presumption of hostility will arise (Taverni v Broderick, 111 AD3d 1197, 1199 [2013] [internal quotation marks and citation omitted]; accord Gulati v O'Leary, 125 AD3d at 1233; Allen v Mastrianni, 2 AD3d 1023, 1024 [2003]). Moreover, "where permission can be implied from the beginning, no adverse use may arise until the owner of the servient tenement is made aware of the assertion of a hostile right" (Barra v Norfolk S. Ry. Co., 75 AD3d at 824 [internal quotation marks, brackets and citation omitted]; accord Penn Hgts. Beach Club, Inc. v Myers, 42 AD3d 602, 606-607 [2007], lv dismissed 10 NY3d 746 [2008]; Allen v Mastrianni, 2 AD3d at 1024). "Generally, the question of implied permission is one for the factfinder to resolve" (Barra v Norfolk S. Ry. Co., 75 AD3d at 824 [citations omitted]; accord Gulati v O'Leary, 125 AD3d at 1233).
Schwengber submitted an affidavit stating that she used the driveway to reach her garage nearly every day since 1974. She averred that she believed that she owned the driveway in common with defendant's predecessors-in-interest, she maintained it and shared snow-removal responsibility with the previous owners of defendant's parcel, and she never asked anyone for permission to use the driveway. Although these averments would generally create a presumption of hostility, Schwengber also made assertions regarding her cordial and cooperative relationship — specifically relative to the driveway — with her neighbors who owned defendant's parcel from 1974 to 2011. These assertions could be read to infer that plaintiffs had implied permission to use the driveway. Inasmuch as Schwengber's affidavit contained assertions that supported inferences of both hostility and permissive use, plaintiffs failed to meet their initial burden on their summary judgment motion. Even if plaintiffs had met their burden, defendant submitted evidence indicating that his immediate predecessor-in-interest had an amicable and neighborly arrangement with plaintiffs. Because a triable issue of fact exists as to whether plaintiffs' use of the driveway was hostile or permissive, the action cannot be resolved through summary judgment on this record (see Gulati v O'Leary, 125 AD3d at 1233; Barra v Norfolk S. Ry. Co., 75 AD3d at 824-825).
Additionally, it was premature for Supreme Court to grant summary judgment before any depositions had been conducted. The record indicates that the parties had difficulty scheduling depositions and none had taken place, despite notices having been served many months earlier. Defendant contends that he wished to develop the element of hostility through depositions, which could uncover evidence that is within the exclusive knowledge of the opposing parties. Inasmuch as the requested depositions may reveal information concerning the contested element of hostility, summary judgment was premature (see CPLR 3212 [f]; Mayo v Grotthenthaler, 25 AD3d 998, 999 [2006]; Metichecchia v Palmeri, 23 AD3d 894, 895 [2005]).
Garry, P.J., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much [*2]thereof as granted plaintiffs' motion for summary judgment; motion denied; and, as so modified, affirmed.