Rosenzweig v Howlan (2018 NY Slip Op 07394)





Rosenzweig v Howlan


2018 NY Slip Op 07394


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

526316

[*1]MARTIN A. ROSENZWEIG et al., Respondents,
v
FRANCIS A. HOWLAN III, Appellant.

Calendar Date: September 7, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Melita & Smelyansky, PC, Albany (Max Smelyansky of counsel), for appellant.
Wood, Seward & McGuire, LLP, Gloversville (Jeremiah Wood of counsel), for respondents.



MEMORANDUM AND ORDER
McCarthy, J.
Appeal from an order of the Supreme Court (Tomlinson, J.), entered April 26, 2017 in Fulton County, upon a decision of the court in favor of plaintiffs.
In 1966, plaintiffs' parents purchased property on Lampman Road in the Town of Broadalbin, Fulton County. In 1995, plaintiff Martin A. Rosenzweig became the owner of a parcel of that property on which he had been residing with his mother. His sister, plaintiff Lois J. Rosenzweig, returned to the area in 1990 and obtained ownership of a parcel of property from her mother in 1996. Between the parcel owned by Martin Rosenzweig and the parcel owned by Lois Rosenzweig is an approximately 30-foot-wide strip of land (hereinafter the right-of-way) owned by defendant. The right-of-way contains a crushed stone driveway extending 100 feet from, and perpendicular to, Lampman Road, then another 200 to 250 feet of grassy area, before connecting to a 33-acre wooded parcel owned by defendant. Plaintiffs used the driveway to access their homes and a garage, and parked adjacent to it.
In 2013, after defendant attempted to prevent plaintiffs from using the right-of-way, Martin Rosenzweig commenced this action pursuant to RPAPL article 15 seeking, among other things, a declaration that he possessed title to the right-of-way by adverse possession. He later filed an amended complaint that added his sister as a plaintiff and sought a declaration that they are fee owners of the right-of-way or, alternatively, a declaration that they have a prescriptive easement over the right-of-way. After plaintiffs rested their case at the end of the first day of a bench trial, they moved for a directed verdict or, in the alternative, to amend the pleadings to conform to the proof regarding a prescriptive easement. Supreme Court reserved decision, but eventually granted the motion to amend. After defendant presented his evidence and the parties submitted closing arguments, the court, among other things, granted plaintiffs a prescriptive easement over the crushed stone driveway and the entire right-of-way. Defendant appeals.
Because the first amended complaint raised prescriptive easement as an alternative demand to plaintiffs' fee ownership claim, their trial motion to amend was superfluous. Even if [*2]some amendment was necessary, Supreme Court did not abuse its discretion in allowing plaintiffs to amend their complaint, considering that the court confirmed with defendant that prescriptive easement had been raised and discussed at every pretrial conference, indicating a lack of surprise, and offered to grant an adjournment for defendant to recall any witnesses called by plaintiffs or to gather additional proof (see CPLR 3025 [c]; see also Green Tree Servicing, LLC v Feller, 159 AD3d 1246, 1247 [2018]; Bynum v Camp Bisco, LLC, 155 AD3d 1503, 1504 [2017]).
Supreme Court did not err in granting plaintiffs a prescriptive easement over the right-of-way. "A party claiming a prescriptive easement must show, by clear and convincing evidence, that the use of the easement was open, notorious, hostile and continuous for a period of 10 years" (Gulati v O'Leary, 125 AD3d 1231, 1233 [2015] [citations omitted]; see Schwengber v Hultenius, 160 AD3d 1083, 1084 [2018]). Once the other elements are established, " hostility is generally presumed, thus shifting the burden to the defendant to demonstrate that the use was permissive" (Barra v Norfolk S. Ry. Co., 75 AD3d 821, 823 [2010]; accord Schwengber v Hultenius, 160 AD3d at 1084). "However, permission can be inferred when the relationship between the parties is one of neighborly cooperation and accommodation, in which case no presumption of hostility will arise" (Schwengber v Hultenius, 160 AD3d at 1084 [internal quotation marks and citations omitted]; see Gulati v O'Leary, 125 AD3d at 1233).
Testimony from plaintiffs, a neighbor, defendant and defendant's predecessor-in-interest established that plaintiffs used the crushed stone driveway to gain access to their property daily for more than 20 years. All witnesses were aware that Martin Rosenzweig plowed the driveway in the winter. Plaintiffs testified that one or both of them maintained the right-of-way by adding rubble and crushed stone to the driveway when needed (approximately 10 times over the years), planting flowers along the driveway, rolling the area beside the driveway to level it, weed-whacking and mowing the entire right-of-way. Martin Rosenzweig testified that he installed a mailbox just inside the right-of-way 15 years earlier and erected a basketball hoop and light pole within the right-of-way many years earlier. Both plaintiffs testified that they never asked anyone for permission to use or improve the right-of-way, and they used it without incident until 2013.
Defendant testified that, when he first bought his property in 1995, he gave plaintiffs permission to use the right-of-way. He acknowledged that, in 2013, he sent Martin Rosenzweig a letter in which he recited that, in 1997, his attorney had sent Martin Rosenzweig a certified letter telling him to keep off defendant's property, and that Martin Rosenzweig had signed for that letter. No such 1997 letter was admitted into evidence, and defendant questioned whether his attorney had actually written or sent one. Defendant stated that he wanted plaintiffs to keep off his property in 1997, but he then gave them permission to use it again until 2013. When questioned about how he expressed his renewed permission, defendant responded that it was given by him not doing anything to keep plaintiffs off his property. Defendant also testified that he had almost no interaction with plaintiffs. After an incident in 2013 in which Martin Rosenzweig was allegedly on defendant's property beyond the right-of-way without permission, defendant called the police on him several times per week for months.
The evidence established that plaintiffs used and maintained the right-of-way openly and notoriously for a period well in excess of 10 years. That use extended beyond the driveway to the entire right-of-way. Inasmuch as the evidence demonstrated a lack of neighborly accommodation between the parties, the element of hostility can be presumed (see Schwengber v Hultenius, 160 AD3d at 1084; Gulati v O'Leary, 125 AD3d at 1233). Supreme Court, after finding that defendant's credibility was called into question by inconstancies in his testimony and a felony conviction for insurance fraud, reasonably concluded that defendant did not give permission for plaintiffs to use the right-of-way, at least between 1997 and 2013. Thus, defendant failed to meet his burden to rebut the presumption of hostility. Accordingly, plaintiffs proved by clear and convincing evidence that they were entitled to a prescriptive easement to use the entire right-of-way (see Ducasse v D'Alonzo, 100 AD3d 953, 954 [2012]; Meyers v Carey 75 AD3d 949, 949-950 [2010]).
Garry, P.J., Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the order is affirmed, with costs.